**Edward WRENN, Appellant,**

v.

**G.A.T.X. LOGISTICS, INC., G.A.T.X. Logistics, D.W.C., Inc., and G.A.T.X. Logistics, Norpack, Inc., Appellees.**

**No. 2–00–264–CV.**

Court of Appeals of Texas,
Fort Worth.

April 4, 2002.

Christian Jenkins, Law Offices of Christian Jenkins, P.C., Arlington, for Appellant.

Newton J. Jones, Travis Gamble, Michael B. Jones, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for Appellee.

Panel A: CAYCE, C.J.; GARDNER and WALKER, JJ.

## OPINION ON REHEARING

GARDNER, Justice.

Appellees, G.A.T.X. Logistics, Inc., G.A.T.X. Logistics, D.W.C., Inc., and G.A.T.X. Logistics, Norpack, Inc. (collectively "GATX"), have filed a motion for rehearing regarding our original decision. We withdraw our opinion and judgment issued December 13, 2001, and substitute the following in their place. We overrule the motion for rehearing.

## I. INTRODUCTION

Appellant Edward Wrenn sought personal injury damages against GATX for an intentional assault by his supervisor, an employee of GATX. In one broad issue, Wrenn appeals from a summary judgment granted in favor of GATX, contending that the trial court erred in granting the summary judgment. Wrenn argues that he raised material issues of fact regarding GATX's liability (1) under the doctrine of respondeat superior, (2) for negligent hiring and supervision, and (3) for alleged violation of section 411.013 of the labor code governing an employer's duty to provide a safe work environment.[1] We affirm in part and reverse and remand in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the underlying suit, Wrenn alleged that, on June 11, 1997, while working as a temporary contract employee at GATX's distribution facility in Arlington, Texas, he was assaulted by Ken Rushton, his supervisor and full-time employee of GATX. Specifically, Wrenn alleged that, while he was sweeping the warehouse floor, Rushton became "displeased," "grabbed [him] by the throat, raised him from the ground and banged his head violently into the wall." He further alleged that Rushton's "attack" was the result of "Rushton's long-standing method of discipline which included threats of violence, violent outbursts, cursing, confrontation, and physical violence."

GATX filed a motion for summary judgment asserting that no genuine issue of fact existed on any of Wrenn's causes of action, arguing that (1) GATX was not vicariously responsible for Rushton's intentional assault on Wrenn because Rushton was not authorized to utilize physical force against other employees in furtherance of his job duties and because the assault arose from personal animosity between Wrenn and Rushton; (2) Rushton's assault on Wrenn was not foreseeable to GATX as a matter of law and, therefore, GATX did not owe a duty to Wrenn to protect him from Rushton's assault, nor was GATX's employment of Rushton the proximate cause of Wrenn's alleged injuries; and (3) GATX was not liable to Wrenn under the Texas Labor Code because GATX's duty to provide a safe workplace was limited to the physical condition of the premises and did not encompass the acts of fellow employees.

Wrenn filed a response to GATX's motion in which he attached excerpts from his own deposition and an unofficial transcription of what purports to be a portion of the videotaped deposition of Jimmy Tucker, another employee of GATX. GATX filed a reply to this response objecting to Wrenn's

1. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) (holding general complaint of error in granting summary judgment sufficient to raise complaints as to all grounds presented in motion).

summary judgment proof. The court subsequently granted GATX's motion for summary judgment in its entirety.

## III. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc*, 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes as a matter of law that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence conclusively negating an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence proving the existence of a genuine issue of material fact with regard to the challenged element. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

■ When, as in this case, the trial court's judgment rests or may rest upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex.App.—Fort Worth 1994, writ denied).

## IV. DISCUSSION

### A. Respondeat Superior

Wrenn initially complains that the trial court erred in granting summary judgment in favor of GATX because his response to the motion for summary judgment raised issues of fact regarding GATX's liability under the doctrine of respondeat superior. In his second amended petition, Wrenn alleged that GATX was vicariously liable for Rushton's intentional assault and battery because Rushton was acting within the course and scope of his employment with GATX when the incident occurred.

■ Generally, to impose liability upon an employer for the tort of his employee under the doctrine of respondeat superior, acts of the employee must fall within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired.

*Soto v. El Paso Natural Gas Co.*, 942 S.W.2d 671, 681 (Tex.App.—El Paso 1997, writ denied); *Durand v. Moore*, 879 S.W.2d 196, 199 (Tex.App.—Houston [14th Dist.] 1994, no writ). An employee's tortious conduct is within the scope of employment when that conduct is of the same general nature as that authorized or incidental to the conduct authorized. *Smith v. M Sys. Food Stores, Inc.*, 156 Tex. 484, 297 S.W.2d 112, 114 (1957); *Soto*, 942 S.W.2d at 681; *Durand*, 879 S.W.2d at 199. If an act is done within the general authority of the employee, an employer is liable for the acts of his employee, even if the act is contrary to express orders. *Soto*, 942 S.W.2d at 681; *Durand*, 879 S.W.2d at 199.

As a general rule in Texas, an employer cannot be vicariously liable for the intentional torts of assault or battery perpetrated by its employee because such acts are not ordinarily within the course and scope of an employee's authority or employment. *Tex. & P. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236, 239 (1952); *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 453 (Tex.App.—Tyler 1996, no writ); *Kelly v. Stone*, 898 S.W.2d 924, 927 (Tex.App.—Eastland 1995, writ denied). Intentional torts committed in the accomplishment of a duty entrusted to the employee, rather than because of personal animosity, may render the employer liable. *See GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex.1999) (holding employer vicariously liable for regular and daily pattern of verbal abuse, humiliation, and terror by supervisor as "management style"). However, assault is usually the expression of personal animosity and is not for purposes of carrying out the employer's business. *Hagenloh*, 247 S.W.2d at 239; *Kelly*, 898 S.W.2d at 927.

GATX's summary judgment proof establishes that Rushton's physical assault on Wrenn was neither within Rushton's general authority nor in furtherance of GATX's business. The affidavit of Bill Pierson, Operations Manager for GATX at its Arlington facility, averred that he was responsible for the full-time and temporary employees who worked in that facility, and was familiar with both Rushton and Wrenn. Rushton was a full-time employee responsible for operating a forklift in GATX's warehouse. As a forklift operator, Rushton was only authorized to operate his forklift in loading and unloading trucks or other transport vehicles and to assist, and at times direct, temporary employees in fulfilling their employment obligations. GATX did not authorize Rushton to use physical force or verbal threats in performing his job functions and, in fact, prohibited such conduct.

Excerpts from Rushton's deposition showed that he and Wrenn had been "having words ... off and on ... ever since [Wrenn] had been there." Rushton described Wrenn's "attitude" as being as though he was trying to make a "fool out of somebody all the time." Rushton further testified that Wrenn "had a habit of trying to aggravate people," and that Wrenn "always had a negative or some kind of asinine comment whatever you said to him."

According to Rushton's deposition testimony, on the morning of the assault, he approached Wrenn and asked him to "hurry up" sweeping the floor because Rushton wanted to place a load from his forklift in that area. Rushton testified that Wrenn "lipped off" to him with a "smart attitude." This, according to Rushton, "pushed the wrong button," and was "the straw that broke the camel's back." According to Rushton, following Wrenn's comment, he "grabbed [Wrenn] by the neck." Rushton stated he "didn't even realize I had grabbed him ... I turned him loose."

Based upon this uncontroverted summary judgment evidence, we hold GATX conclusively established that Rushton was not authorized by GATX to utilize physical force against Wrenn, that the assault arose out of personal animosity towards Wrenn, and that the assault was not committed in furtherance of GATX's business. *See Peek v. Equip. Serv., Inc.*, 906 S.W.2d 529, 532 (Tex.App.—San Antonio 1995, no writ) (holding murder could not be considered as act done to accomplish the objective of selling appellee's services).

In his response to GATX's motion for summary judgment and on appeal, Wrenn merely argues that Rushton's deposition excerpts raise a question of material fact, citing cases stating that whether an act occurs in the course and scope of employment is generally a question for the jury. Wrenn fails to show how the facts and holdings of those cases support his position.[2] Further, he fails to address cases holding, to the contrary, that summary judgment is appropriate either when the movant conclusively proves that the employee was not authorized by his employer to utilize physical force in furtherance of his job duties, or when the assault arises from personal animosity between the employee and the plaintiff.[3]

Wrenn provides no further argument or record references in support of his argument. We hold that Wrenn failed to refute GATX's summary judgment evidence conclusively establishing that Rushton was not authorized to utilize physical force against Wrenn and that the assault arose out of personal animosity between Rushton and Wrenn. Consequently, no genuine issue of material fact exists as to Wrenn's claim of liability based upon respondeat superior, and the trial court properly granted GATX's summary judgment as to that theory of liability.

**B. Negligent Hiring, Supervising, and Retaining**

■ Wrenn next contends that he raised issues of fact as to his theory of liability that GATX was negligent by failing to exercise reasonable care in the hiring, supervising, and retaining of Rushton. An employer who negligently hires, retains, or supervises an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act. *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (citing *Mackey*, 935 S.W.2d at 459); *accord Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 294 (Tex.1996); *Garcia v. Allen*, 28 S.W.3d

---

**2.** *See, e.g., Soto*, 942 S.W.2d at 681 (holding evidence that employer failed to take any action against supervisory employee for his ridicule of female employee's breast cancer surgery created fact question as to employer's liability, precluding summary judgment for employer on intentional infliction of emotional distress claim, where there was evidence that similar acts occurred in workplace on many occasions over the course of several years, in the presence of management, and management was aware of complaints); *Durand*, 879 S.W.2d at 199 (holding that, in light of evidence that doorman had responsibility to control admittance of customers into club, the evidence was legally and factually sufficient to support jury's finding that nightclub

doorman was acting within the scope of employment when he assaulted patron, such that nightclub owner was liable under the doctrine of respondeat superior).

**3.** *See, e.g., Viking v. Circle K Convenience Stores, Inc.*, 742 S.W.2d 732, 734 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *Dieter v. Baker Serv. Tools, Inc.*, 739 S.W.2d 405, 407–08 (Tex.App.—Corpus Christi 1987, writ denied); *Green v. Jackson*, 674 S.W.2d 395, 399 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); *Rosales v. Am. Buslines, Inc.*, 598 S.W.2d 706, 708 (Tex.App.—El Paso 1980, writ ref'd n.r.e.).

587, 592 (Tex.App.—Corpus Christi 2000, pet. denied); *Verinakis v. Med. Profiles, Inc.,* 987 S.W.2d 90, 97 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *Houser v. Smith,* 968 S.W.2d 542, 544 (Tex.App.—Austin 1998, no pet.); *Robertson v. Church of God, Int'l,* 978 S.W.2d 120, 124 (Tex.App.—Tyler 1997, pet. denied).

■ A claim of negligent hiring, supervision, or retention is not dependent upon a finding that the employee was acting in the course and scope of his employment when the tortious act occurred. *Dieter,* 739 S.W.2d at 408 (citing generally, *Salinas v. Fort Worth Cab & Baggage Co.,* 725 S.W.2d 701 (Tex.1987)). The cause of action is based on an employer's direct negligence instead of the employer's vicarious liability for the torts of its employees. *Sibley,* 998 S.W.2d at 403–04; *Doe v. Boys Clubs of Greater Dallas, Inc.,* 868 S.W.2d 942, 950 (Tex.App.—Amarillo 1994), *aff'd,* 907 S.W.2d 472 (Tex.1995).

■ To successfully prosecute his claim of negligent hiring, supervision, or retention, Wrenn was required to show (1) that GATX owed a legal duty to protect Wrenn from Rushton's actions, and (2) that Wrenn sustained damages proximately caused by GATX's breach of that legal duty. *Houser,* 968 S.W.2d at 544; *see also Peek,* 906 S.W.2d at 534 (holding basis of responsibility for negligent hiring is master's own negligence in hiring or retaining an incompetent servant whom the master knows or by the exercise of reasonable care should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others). The duty of the employer extends only to prevent the employee or independent contractor from causing physical harm to a third party. *Sibley,* 998 S.W.2d at 403–04; *Verinakis,* 987 S.W.2d at 97–98.

■ The components of proximate cause are cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Therefore, to establish that GATX's actions were the proximate cause of his injuries, Wrenn had to show that GATX's actions in hiring, supervising, or retaining Rushton were the cause-in-fact of his injuries and that Rushton's assault and resulting injuries were a foreseeable consequence of GATX's hiring, supervision, or retention of Rushton. *See Houser,* 968 S.W.2d at 544.

■ Both of the elements of duty and proximate cause required to establish Wrenn's claim of negligent hiring and supervision are premised on foreseeability. *Mellon Mortgage Co. v. Holder,* 5 S.W.3d 654, 659 (Tex.1999); *Doe,* 907 S.W.2d at 477. Absent a showing of foreseeability, GATX cannot be liable as a matter of law for negligent hiring, supervising, or retaining Rushton. *Doe,* 907 S.W.2d at 478.

GATX contends that the summary judgment is correct as to this theory of recovery because the summary judgment evidence established as a matter of law that Rushton's actions were not foreseeable to GATX, thereby negating the elements of duty and proximate cause. Specifically, GATX contends that its summary judgment evidence establishes that Rushton's assault on Wrenn was not foreseeable to GATX, as GATX did not and could not have known of Rushton's apparent propensity for violence.

GATX's summary judgment evidence showed that GATX conducted a thorough background check on Rushton, which revealed no criminal history, no prior arrests for assault, and no prior incidents of violent behavior that might indicate that he would potentially endanger co-workers. In his deposition testimony, Rushton stated he had never touched, hit, or struck Wrenn or any other GATX employee prior

to his assault on Wrenn. Additionally, GATX Operations Manager Bill Pierson stated in his affidavit that Rushton had worked for GATX for ten years, that he had never been involved in a physical confrontation with another employee, and that no such incident had ever been reported to him as Operations Manager.

In his response to GATX's motion for summary judgment, Wrenn sought to raise a fact issue on the foreseeability component of his negligent hiring, supervision, and retention claim. Wrenn attached to his response unverified and unauthenticated copies of excerpts from his own deposition and a copy of a six-page excerpt from an unofficial transcription of a videotaped deposition of Jimmy Tucker, another employee of GATX. Wrenn relies upon those depositions as raising a fact issue requiring reversal of the summary judgment in favor of GATX.

GATX filed objections to the unofficial transcription of Tucker's videotaped deposition. As GATX points out, the face of the record shows that the transcription of Tucker's deposition was apparently hand-typed by someone in Wrenn's lawyer's office. GATX objected that Tucker's deposition was not transcribed by an authorized officer, that it was unauthenticated, unverified and "may or may not be accurate," and that it was, therefore, hearsay. GATX obtained no ruling from the trial court on its objections. GATX nevertheless reasserts those objections on appeal in response to Wrenn's contention that Tucker's deposition testimony raised issues of fact.

Before the current Texas Rules of Appellate Procedure were adopted in 1997, to preserve error for appeal a party was required to obtain a written ruling on any objection or to object to the refusal of the trial judge to rule. *See Frazier v. Yu*, 987 S.W.2d 607, 609 (Tex.App.—Fort Worth

1999, pet. denied) (discussing former rule 52(a), predecessor to current rule 33.1). Rule 33.1(a)(2)(A) of the current Texas Rules of Appellate Procedure, which replaced former rule 52(a), "relaxes" the former requirement of an express ruling to preserve error by providing that the trial court must have ruled on an objection "either expressly or implicitly." *Id.* at 610. In *Frazier,* this court noted that a "signed, separate order is not required, as long as the record otherwise shows that the ruling was made." *Id.* (quoting *Significant Features of the New Texas Rules of Appellate Procedure,* p. 10, in State Bar of Texas Appellate Section GUIDE TO THE NEW TEXAS RULES OF APPELLATE PROCEDURE (1997)).

In *Frazier,* this court held that the record showed the trial court implicitly sustained objections to the competency of summary judgment evidence where the objections were extensively set forth in the written objections, and the trial court's order granting summary judgment stated that it had reviewed the "competent" evidence. *Id.* This court refused to consider the evidence because the nonmovant did not complain on appeal of the implicit ruling of the trial court. *Id.; accord Columbia Rio Grande Reg'l Hosp. v. Stover,* 17 S.W.3d 387, 396 (Tex.App.—Corpus Christi 2000, no pet.) (holding implied ruling on objections to summary judgment evidence shown by record, adopting reasoning of *Frazier* court); *Harris v. Spires Council of Co–Owners,* 981 S.W.2d 892, 898–99 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (holding trial court implicitly sustained objections of movant and overruled those of nonmovant in granting summary judgment).

GATX urges that its objections to the deposition transcript of Tucker were impliedly sustained, as in *Frazier,* when the trial court granted its summary judgment. GATX contends that this court can-

not consider the deposition testimony of Tucker because Wrenn has failed to complain of the implied ruling on appeal. However, GATX overlooks our holding in *Frazier* that *the record there showed* that the objections were impliedly sustained. *Frazier*, 987 S.W.2d at 610; *see also Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.— Fort Worth 1998, no pet.) (holding trial court necessarily implicitly overruled objections to movant's affidavits in granting summary judgment).

In this case, unlike *Frazier*, we see nothing in the record showing that the trial court implicitly sustained GATX's objections. The order granting summary judgment, unlike that in *Frazier*, is completely silent as to any disposition of the objections or as to whether the trial court considered the deposition testimony, nor can we infer that, merely by granting the summary judgment, the trial court necessarily sustained the objections. It is equally possible here that the trial court considered the deposition testimony of Tucker and concluded, albeit erroneously, that his testimony did not raise a genuine issue of fact. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 926–27 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (op. on reh'g) (holding appellate court would presume trial court ruled on objections but no inference could be drawn from record that the trial court implicitly either overruled or sustained objections).[4] When we cannot determine what implied ruling is to be inferred, we cannot expect the parties to be able to do so. Therefore, we decline to hold that Wrenn waived error by failing to recognize and complain of any implicit ruling sustaining GATX's objections to his summary judgment evidence.

GATX next argues that its objections to the unofficial deposition transcript of Tucker were substantive and, therefore, may be urged for the first time on appeal to preclude our consideration of Tucker's testimony. Defects in substance may be raised for the first time on appeal, whereas defects of form are waived if not raised in the trial court. *See* TEX.R. CIV. P. 166a(f) (stating "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."); *Well Solutions, Inc.*, 32 S.W.3d at 317 (citing TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS, § 6.09[1][b], at 86 (2d ed. 1996)). However, we believe that the objections of GATX to a lack of verification and authentication of the unofficial transcription are defects of form. *See, e.g., St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 721 (Tex.App.—Dallas 1999, pet. denied) (op. on reh'g) (holding lack of proper authentication of records was defect of form); *Harris*, 981 S.W.2d at 897 (holding hearsay in affidavit is defect of form). As such, GATX was required to raise its objections and obtain rulings in the trial court to be able to assert its complaints in this court. *Harris*, 981 S.W.2d at 892 (holding movant-appellee waived form objection to affidavit by failing to obtain ruling from trial court); *see also Martin v. Durden*, 965 S.W.2d 562, 565 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (holding defect in form must be raised and ruled on in trial court to serve as ground for affirmance as well as reversal on appeal); *Knetsch v. Gaitonde*, 898 S.W.2d 386, 391 (Tex.App.— San Antonio 1995, no writ); TIMOTHY PAT-

---

**4.** *See also In re Estate of Loveless*, 64 S.W.3d 564, 573 (Tex.App.—Texarkana 2001, no pet. h.) (holding no inference could be drawn as to multiple objections to several exhibits where both traditional and no-evidence motions

were granted); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex.App.—San Antonio 2000, no pet.) (rejecting *Frazier*, reasoning that ruling on summary judgment did not necessarily imply ruling on objections).

TON, SUMMARY JUDGMENTS IN TEXAS, § 6.09[1][a] at 85; *but see, Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex.App.—El Paso 1994, writ denied); *Knetsch*, 898 S.W.2d at 391 (Duncan, J., concurring).

Finally, we note that the current rules of discovery supply guidelines regarding use of deposition materials. Under current rule of civil procedure 203.6, a "written transcription" of all or part of a nonstenographic recording of an oral deposition (such as a video deposition) may be used to the same extent as a deposition taken by stenographic means. TEX.R. CIV. P. 203.6(a). The court, for "good cause shown," may require that the party seeking to use the nonstenographic recording *or written transcription* first obtain a complete transcript of the deposition recording from a certified court reporter. *Id.* Thus, GATX could have requested an official transcript of the deposition recording by a certified court reporter, which would have removed its concerns as to the accuracy of the unofficial transcript. *Id.*

█ GATX contends that, by permitting the taking of an oral deposition by nonstenographic recording, Rule 203.6(a) conflicts with Texas Government Code section 52.021(f). *See* TEX. GOV.CODE ANN. § 52.021(f) (Vernon Supp.2002) (requiring that "all depositions conducted in this state must be recorded by a certified shorthand reporter"); Op. Tex. Att'y Gen. No. DM–339 (1995) (interpreting similar provision of former Texas Rules of Civil Procedure 202(e) as inconsistent with section 52.021(f) by allowing nonstenographic recording of oral deposition by videographer not certified as shorthand reporter as sole recording of deposition). However, GATX is not complaining that Tucker's deposition was not *recorded* in accordance with section 52.021(f). Instead, GATX is complaining of the later *transcription* of the recording.

Therefore, because it speaks only to recording of oral depositions, section 52.021(f) does not apply here.

█ We, therefore, consider the deposition as summary judgment evidence. We thus proceed to determine whether Tucker's or Wrenn's deposition excerpts raised an issue of fact regarding whether GATX knew or should have known of Rushton's alleged violent propensities and, therefore, should have foreseen Rushton's assault on Appellant.

In Tucker's deposition, he testified that Rushton carried a buck knife and that he also threatened employees with a hammer. Tucker stated that he and Rushton had confrontations on a weekly basis and that Rushton screamed or yelled at other employees on a daily basis, often using profanity. He testified that he overheard Sharon Rojas, a supervisor equivalent to Rushton, discussing Rushton's behavior with other employees on at least three occasions, "telling everybody to stay away from him, that his medication's off or something." Tucker had seen Rojas and Rushton "in each others faces screaming at the top of their lungs, their veins popping out of their necks." According to Tucker, Rojas reported one of these verbal exchanges between her and Rushton to Bill Pierson. Tucker further testified that he had witnessed Rushton purposefully knock an employee down with a forklift and drop a steel beam on him. He stated Bill Pierson was aware of the incident because the employee was injured and had to receive medical attention.

Wrenn testified by deposition that he had been involved in two prior verbal confrontations with Rushton before the incident at issue. According to Wrenn, Rushton threatened him and other employees by raising a hammer in his hand. During the first incident, in November 1996, Rushton wielded his hammer and yelled obscen-

ities at him while Wrenn was stacking pallets. Rushton made no physical contact with Wrenn, but Appellant reported the incident to Rojas. According to Wrenn, Rojas merely acknowledged Wrenn's complaint and did not appear to be concerned.[5] He had also heard Rojas telling other employees to stay away from Rushton. Wrenn testified that he did not voice his complaint to anybody else or submit his complaint in writing.

In the second incident of January 1997, Wrenn testified that, after he kidded Rushton about smoking, Rushton yelled at Wrenn that he was "the fire marshal" and threatened Wrenn by swinging his hammer within five to eight feet of him. Wrenn testified that Rushton wore a knife on his hip and that he made no physical contact with him. When asked whether Rushton's response was made in a joking manner, Wrenn stated that he felt Rushton was serious. Wrenn, along with other employees who witnessed the incident, reported it to Rojas and stated that he was concerned for his own safety and the safety of other employees. Again, Wrenn testified that he did not reduce his complaint to writing.

GATX contends that, assuming that the transcription of Tucker's alleged deposition testimony constituted proper summary judgment evidence, neither the substance of his deposition excerpt nor that of Wrenn's deposition raised a fact issue as to whether Rushton's assault on Wrenn was foreseeable because neither Tucker nor Wrenn testified that Rushton assaulted them or anyone else at GATX's place of employment. We disagree.

First, Tucker clearly testified that he saw Rushton physically attack and injure another employee with a forklift. Fur-

thermore, both Wrenn's and Tucker's deposition testimony showed that they frequently experienced profane verbal confrontations with Rushton and that the use of profanity, threats, and loud, verbal confrontation was common behavior for Rushton. Most importantly, their testimony established that their supervisors, Rojas and Pierson, were aware or became aware of Rushton's verbal and physical confrontations with other employees through informal complaints or through acquiring medical attention for injured employees.

We believe that the foregoing summary judgment evidence is sufficient to preclude summary judgment in favor of GATX on Wrenn's claim of negligent hiring and supervision on the basis that it was not foreseeable. Specifically, through his summary judgment evidence, we believe Appellant raised an issue of fact on the issue of whether Rushton's assault and the resulting injuries were a foreseeable consequence of GATX's supervision of Rushton. *Houser,* 968 S.W.2d at 544. Consequently, GATX was not entitled to judgment as a matter of law that it is not liable for negligence in supervision or retention of Rushton because Rushton's actions were not foreseeable to GATX, and GATX thereby failed to negate the necessary elements of duty and proximate cause on that basis. Because Wrenn's summary judgment evidence raised a genuine issue of material fact regarding the foreseeability of Rushton's assault on Wrenn, we hold that the trial court erred in granting summary judgment in favor of GATX on Wrenn's claim of negligent supervision and retention. We sustain Wrenn's issue in that regard.

---

**5.** Rojas allegedly replied to Wrenn's complaint that "[Rushton] hadn't taken his medication," "Let him go smoke a cigarette. Everything will be all right after lunch," and "Don't worry about it. Just work. Ken will be Ken."

## C. Texas Labor Code Claims

■ Finally, Wrenn complains that the trial court erred in granting summary judgment to GATX on Wrenn's cause of action under section 411.103 of the Texas Labor Code based upon failure to provide him a safe working environment. TEX. LAB.CODE ANN. § 411.103 (Vernon 1996). Wrenn argues that this section of the Texas Labor Code creates a statutory cause of action embracing claims for conduct such as Rushton's intentional assault. We disagree.

Section 411.103 provides that each employer shall:

(1) provide and maintain employment and a place of employment that is reasonably safe and healthful for employees;

(2) install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and

(3) take all other actions reasonably necessary to make the employment and place of employment safe.

*Id.*

Section 411.103 is, for practical purposes, identical to section 3(a) of former article 5182a, which provided as follows:

Every employer shall furnish and maintain employment and a place of employment which shall be reasonably safe and healthful for employees. Every employer shall install, maintain and use such methods, processes, devices, and safeguards, including methods of sanitation and hygiene, as are reasonably necessary to protect the life, health and safety of such employees, and shall do every other thing reasonably necessary to render safe such employment and place of employment.

Act of May 10, 1967, 60th Leg., R.S., Ch. 20, § 3(a) 1967 Tex. Gen. Laws 441, 442, *amended by* Act of April 11, 1995, 74th Leg., R.S. ch. 76, § 9.54(c), 1995 Tex. Gen. Laws 656, 656–57 (current version at TEX. LAB.CODE ANN. § 411.103).

The duty of an employer to provide a safe place to work pursuant to the predecessor statute to Section 411.103 was specifically confined to the construction, physical condition, and equipment of the premises, and not extended to acts of fellow employees. *See Horton v. Montgomery Ward & Co.*, 827 S.W.2d 361, 370 (Tex.App.—San Antonio 1992, writ denied) (finding employee had *no cause of action* as matter of law for assault by fellow employee under article 5182a); *Gonzales v. Lubbock State Sch.*, 487 S.W.2d 815, 817 (Tex.Civ.App.—Amarillo 1972, no writ) (acts of employee in leaving material on floor pertained to use of premises and not condition of workplace). Wrenn provides no authority or argument as to why the current statute should be interpreted differently.

## V. CONCLUSION

We overrule Wrenn's issue and affirm the trial court's judgment granting summary judgment in favor of GATX as to Wrenn's causes of action based upon respondeat superior and the Texas Labor Code. We sustain Wrenn's issue and reverse and remand the trial court's summary judgment as to Wrenn's cause of action for negligent supervision and retention. Based on our holdings, we find that there is good cause to apportion the costs of this appeal equally between Wrenn and GATX. In the interest of justice, each party to this appeal shall pay one-half of the appellate costs. *See* TEX.R.APP. P. 43.4.