COURT
OF APPEALS

                  SECOND DISTRICT OF TEXAS

                           FORT WORTH

 

 

                                        NO. 2-04-211-CV

 

 

DAVID
GREEN                                                                     APPELLANT

 

                                                   V.

 

RANSOR,
INC.                                                                       APPELLEE

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

Appellant David Green appeals from a summary judgment in favor of
appellee Ransor, Inc.  In one issue,
appellant argues that the trial court erred by granting appellee=s motion for summary judgment because appellee=s employee was in the course and scope of his employment when the
accident occurred.  We affirm in part and
reverse and remand in part.








II. Background Facts

Appellee is a tower service
company based in Schertz, Texas.  In
August 2002, appellee sent four of its employees to do a job in Clarendon,
Texas.  While there, one of appellee=s employees, Kerry Kittrell, was involved in an automobile accident
with appellant.  Kittrell, who was
driving one of appellee=s trucks at
the time of the accident, was charged with driving while intoxicated.  Appellant sued appellee, alleging that
appellee was vicariously liable for Kittrell=s negligence under the doctrine of respondeat superior.  Appellant also sued appellee for negligent
entrustment and negligent supervision. 
Appellee filed a motion for summary judgment, arguing that Kittrell was
not in the course and scope of his employment at the time of the accident.  Appellee also argued that Kittrell did not
have permission to drive the truck at the time of the accident and did not have
permission to drive the truck while drinking alcohol.  The trial court granted appellee=s motion for summary judgment. 

III. Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant
met his summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211,









215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant.  S.W. Elec. Power Co., 73 S.W.3d at 215;
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Great
Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965).  Therefore, we must view the
evidence and its reasonable inferences in the light most favorable to the
nonmovant.  Great Am., 391 S.W.2d
at 47.

In deciding whether there is a material fact issue precluding summary
judgment, all conflicts in the evidence are disregarded and the evidence
favorable to the nonmovant is accepted as true. 
Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173
(Tex. 1995).  Evidence that favors the
movant's position will not be considered unless it is uncontroverted.  Great Am., 391 S.W.2d at 47.








A defendant is entitled to summary judgment if the summary judgment
evidence establishes, as a matter of law, that at least one element of a
plaintiff=s cause of
action cannot be established.  Elliott-Williams
Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). 
The defendant as movant must present summary judgment evidence that
negates an element of the plaintiff=s claim.  Centeq Realty, Inc.
v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact with regard to the element challenged by the
defendant.  Id.

A. Respondeat Superior

Under the doctrine of respondeat superior, an employer is responsible
for the negligence of an employee acting within the course and scope of his
employment, even though the employer has not personally committed a wrong.  Baptist Mem=l Hosp. Sys. v. Sampson, 969 S.W.2d
945, 947 (Tex. 1998); Arbelaez v. Just Brakes Corp., 149 S.W.3d 717, 720
(Tex. App._Austin 2004, no pet.).  To prove
that an employee acted within the course and scope of employment, a plaintiff
must show that the act was (1) within the general authority given to the
employee, (2) in furtherance of the employer=s business, and (3) for the accomplishment of the object for which the
employee was employed.  Arbelaez,
149 S.W.3d at 720.  Appellee argues that
Kittrell was not acting in furtherance of appellee=s business at the time of the accident.  We agree.








Appellant argues that a presumption arose that Kittrell was acting
within the course and scope of his employment because Kittrell was an employee
driving a company vehicle at the time of the accident.  See Salmon v. Hinojosa, 538 S.W.2d 22,
23 (Tex. Civ. App._San Antonio 1976, no writ).  But
such a presumption is not evidence but rather a rule of procedure or an
administrative assumption that is overcome when positive evidence to the
contrary is introduced.  Longoria v.
Texaco, Inc., 649 S.W.2d 332, 334 (Tex. App._Corpus
Christi 1983, no writ).  Thus, we must
determine whether appellee presented summary judgment evidence sufficient to
overcome the presumption and prove its entitlement to summary judgment.








In support of its motion, appellee presented the following
evidence.  The accident occurred around
9:30 p.m., and the report filed by the officer investigating the accident
showed that Kittrell was charged with driving while intoxicatedCalthough he refused to give any specimen for testingCand failure to stop and render aid. 
According to the affidavit of Randy Sorrell, the president of appellee,
the accident occurred Awhile . . .
Kittrell was intoxicated and after he had left a bar where he had ingested
various alcoholic beverages,@ and although Kittrell had permission to use the vehicle at the time
of the accident Afor the
limited purpose of conducting the business of@ appellee, he did not have permission Ato drive to or from a bar.@  Appellee also provided
deposition testimony of its vice president, who stated that Kittrell Awasn=t supposed
to be taking the vehicle out drinking. . . . 
Our company rules state that you go to work and you come back, and you
go to the motel and go to sleep and get up and go to work.@  Appellee further presented as
summary judgment evidence a copy of its Employee Safety Manual, which provides
that Aoperating company vehicles after the consumption of alcoholic
beverages is strictly prohibited.@  The manual also provides that
employees are compensated for travel time Afrom the office to the job site, from job site to job site, or to and
from suppliers for material and equipment delivery,@ but not Afrom the
hotel, home, or campground to the office or job site.@  The manual further states that
a company vehicle may be used for certain limited personal purposes after
working hours, such as driving to a restaurant for meals or driving to a movie,
but emphasizes that this limited permission is given only Aso long as it [the activity] does not involve the consumption of
alcoholic beverages.@ 








In opposing the motion for summary judgment, appellant argued that
evidence of intoxication and violation of a company policy, standing alone, do
not establish that an employee acted outside the course and scope of
employment.  See Hooper v. Pitney
Bowes, Inc., 895 S.W.2d 773, 777 (Tex. App.CTexarkana 1995, writ denied) (AThe fact that an employee does an act that is unauthorized or that
would not be approved by his employer does not mean that the employee was
outside the scope of his employment.  The
employer is liable for the act of his employee, even if the specific act is
unauthorized or contrary to express orders, so long as the act is done while
the employee is acting within his general authority and for the benefit of the
employer.@); G.
& H. Equip. Co. v. Alexander, 533 S.W.2d 872, 876-77 (Tex. Civ. App.CFort Worth 1976, no writ) (quoting 57 C.J.S. Master and Servant ' 570 for the proposition that A>[w]here an act inflicting an injury on a third person is committed by
a servant acting within the scope of his authority, the fact that the
servant . . . was intoxicated at the time of inflicting the injury complained
of does not exonerate the master from liability.=@ (emphasis added)).  He also
argued that the Asole reason@ appellee contended that Kittrell was not acting in the course and
scope of his employment at the time of the accident was that Kittrell Aallegedly violated company policy when he drove the company vehicle
after consuming alcohol.@ 








We hold that the summary judgment evidence was sufficient to overcome
the presumption that Kittrell was acting within the course and scope of his
employment at the time of the accident and to meet appellee=s summary judgment burden of proving as a matter of law that Kittrell
was not acting within the course and scope of his employment with appellee when
the accident occurred.  Appellee=s uncontroverted evidence shows that not only did Kittrell violate
company policy by driving the company truck while intoxicated, he also did not
have the general authorityCor permission from his employerCto drive the truck to or from a bar as he was at the time of the
accident.  See Andrews v. Houston
Lighting & Power, 820 S.W.2d 411, 413 (Tex. App.CHouston [14th Dist.] 1991, writ denied) (A[A]n employer is not liable for actions that an employee takes in his
own interest and not to further the purpose of carrying out the master=s business.@).








Appellant notes that the accident report contains conflicting
information regarding when the accident occurred; part of the report shows the
accident occurred around 9:30 a.m. while another part shows the accident
occurred around 9:30 p.m.  Appellant
argues that this conflict created a fact issue that should have precluded
summary judgment against him on his negligence claim because the timing of the
accident would determine whether it occurred during the workday or after hours.  However, appellant alleged in his petition
that the accident occurred around 9:30 p.m. 
An assertion of fact, not pled in the alternative, in the live pleadings
of a party is regarded as a formal judicial admission, which bars the admitting
party from later disputing the admitted fact. 
Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568
(Tex. 2001); Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex.
1983).  Therefore, appellant may not
argue now that a fact issue exists as to whether the accident occurred around
9:30 a.m. or 9:30 p.m., having earlier alleged in his petition that the
accident occurred around 9:30 p.m. 
Moreover, the only evidence in the record concerning work hours is from
the Employee Safety Manual, which provides that when employees are doing
fieldwork, the schedule will be set by the foreman.  Thus, the discrepancy in the accident report
does not raise a fact issue as to whether Kittrell was acting within the course
and scope of his employment.

Because appellee established as a matter of law that Kittrell was not
acting within the course and scope of his employment at the time of the
accident, the trial court did not err by granting appellee=s motion for summary judgment on appellant=s negligence claim that was based on the theory of respondeat
superior.  We overrule appellant=s issue in part.         

B. Negligent Entrustment and Negligent Supervision

Appellant argues that his negligent entrustment and negligent
supervision claims should have survived appellee=s motion for summary judgment because they did not depend on whether
Kittrell was acting in the course and scope of his employment at the time of
the accident.  We agree.  








To establish negligent entrustment of an automobile, a plaintiff
must  show the following: (1) entrustment
of a vehicle by the owner, (2) to an unlicensed, incompetent, or reckless
driver, (3) whom the owner knew or should have known to be unlicensed,
incompetent, or reckless; (4) the driver was negligent on the occasion in
question; and (5) the driver=s negligence proximately caused the accident.  Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex. 1987).  To
successfully prosecute a negligent supervision claim against an employer, a
plaintiff must show that (1) the employer owed the plaintiff a legal duty to
protect the plaintiff from the employee=s actions, and (2) the plaintiff sustained damages proximately caused
by the employer=s breach of
that legal duty.  See Wrenn v.
G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 496 (Tex. App._Fort
Worth 2002, no pet.) (op. on reh=g).  Neither claim depends on a
finding that the employee or driver was acting in the course and scope of his
employment when the tortious act occurred. 
Id.; see also LaRoque v. Sanchez, 641 S.W.2d 298, 300
(Tex. App._El Paso 1982, writ ref=d n.r.e.) (distinguishing a Acourse and scope of employment case@ from a negligent entrustment case). 
Thus, evidence showing that Kittrell was not acting in the course and
scope of his employment does not defeat appellant=s negligent entrustment and negligent supervision claims as a matter
of law.








Appellee argues that it presented evidence that Kittrell did not have
permission to drive the vehicle in the manner in which he did and that such
evidence is adequate to uphold summary judgment on appellant=s negligent entrustment claim. 
Appellant contends that a defendant cannot entrust a vehicle to someone
without granting permission to use it. 
Appellant cites Batte v. Hendricks, a negligent entrustment case
in which the defendant moved for summary judgment, arguing, among other things,
that she had revoked her permission for the driver to drive her car prior to
the accident.  137 S.W.3d 790, 790 (Tex.
App._Dallas 2004, pet. denied).  But
the Dallas Court of Appeals did not address this argument.  Instead, the court upheld the summary
judgment because there was no issue as to whether the defendant knew or should
have known that the driver was an unlicensed, incompetent, or reckless
driver.  Id. at 791-92.  Moreover, a defendant may not avoid liability
for negligent entrustment by showing that the driver did not have permission to
drive the vehicle at the time and place of the accident.  LaRoque, 641 S.W.2d at 300-01 (citing,
e.g., Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016, 1017 (1951)
(holding that whether driver was on a mission of his own and had no permission
to be driving at time of accident was Awithout significance in a case of negligent entrustment@)).  Accordingly, whether or not
Kittrell had deviated from the scope of appellee=s permission is irrelevant to appellant=s negligent entrustment claim.








Appellee=s motion for
summary judgment was based solely on the contention that it had proved as a
matter of law that Kittrell was not acting within the course and scope of his
employment at the time of the accident. 
Because proof of that contention is irrelevant to, and thus cannot
defeat, appellant=s negligent
entrustment and negligent supervision claims, appellee presented no evidence
showing that it was entitled to summary judgment on those claims.  Therefore, because appellee did not present
summary judgment evidence that negated an element of appellant=s negligent supervision and negligent entrustment claims, the trial
court erred by granting summary judgment in favor of appellee on those
claims.  We sustain appellant=s issue in part.

IV. Conclusion

We affirm the part of the trial court=s order granting summary judgment on appellant=s negligence claim based on respondeat superior and reverse the part
of the order granting summary judgment on appellant=s negligent supervision and negligent entrustment claims.[1]  We remand those claims to the trial court for
proceedings in accordance with this opinion. 


 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  September 29, 2005











[1]See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204, 206-07 (Tex. 2001)
(explaining that summary judgment order may be final even if it grants more
relief than party is entitled to); see also Tex. R. App. P. 43.2(a), (d) (providing that appellate court
may affirm a judgment in part and reverse and remand it in part); Reynolds
v. Murphy, No. 02-03-00294-CV, 2005 WL 1654992, at *1 (Tex. App._Fort Worth, July 14,
2005, no pet. h.) (affirming summary judgment in part and reversing and
remanding in part).