Affirmed and Plurality and Concurring Opinions filed February 13, 2007








Affirmed and Plurality and Concurring Opinions filed February
13, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01209-CV

____________

 

COTEMP, INC., Appellant

 

V.

 

HOUSTON WEST CORP., Appellee

 



 

On Appeal from the 155th
District Court

Waller County, Texas

Trial Court Cause No. 03-05-16828

 



 

P L U R A L I T Y   O P I N I O N

Appellant, CoTemp, Inc., appeals from the trial court=s judgment in
favor of appellee, Houston West Corp., on its negligent retention claim and
from an award of attorney ad litem fees. We affirm.








I. Background

Houston West contracted for the installation of two
air-conditioning units at its truck stop in Brookshire, Texas.  Bob Robertson,
an employee in CoTemp=s service department, submitted a written
proposal to Kerry Ruth, Houston West=s owner, providing
details of the work to be performed as well as an estimate of costs.[1] 
The written proposal, which reflected the names of Bob Robertson and CoTemp,
Inc. at the top and bottom of the page, was signed and accepted by Ruth.

During the course of the truck stop project, Robertson wore
a CoTemp uniform, drove a CoTemp van, and spoke with Ruth on the cellular phone
issued to him by Cotemp as well as on CoTemp=s business line. 
The individuals who worked on the job also wore CoTemp uniforms.  Several
months into the project, the work stopped.  Ruth made numerous attempts to
contact Robertson regarding completion of the project but to no avail. 
Consequently, Ruth contracted with another company to complete the project and
later filed a complaint against CoTemp and Robertson with the Texas Department
of Licensing and Regulation.     

Houston West subsequently filed suit alleging breach of
contract and fraud against CoTemp and Robertson, and a negligent retention
claim against CoTemp.  CoTemp answered and asserted a counterclaim of libel
against Houston West.  During the course of pre-trial discovery, Houston West
learned Robertson, while employed by Co-Temp, had contracted to perform Aside jobs@ in his own name
on two previous occasions, in violation of company policy.  However, after
being paid for the work, Robertson never completed the projects.  When CoTemp
discovered these side jobs, Robertson was reprimanded and required to make
restitution to the parties involved.








At the conclusion of trial, the jury found that: (1)
Robertson had breached his contract with Houston West; (2) CoTemp and Robertson
had committed fraud against Houston West; (3) CoTemp had negligently retained
Robertson; and (4) Houston West had not engaged in libel against CoTemp.  Based
on Houston West=s election to recover the damages awarded
on its negligent retention claim,[2]
the trial court entered judgment awarding Houston West $36,358.00 in damages,
plus $4,544.74 in pre-judgment interest.  The trial court also ordered CoTemp
to pay $3,030.00 in attorney=s fees to the court-appointed attorney ad
litem representing Robertson=s unknown heirs.[3]

II. Negligent Retention

In its first, second, and third issues, CoTemp argues that
the evidence is legally and factually insufficient to support the judgment in
favor of Houston West on its negligent retention claim.  In analyzing a legal-sufficiency
challenge, we must consider evidence in the light most favorable to the
challenged finding and indulge every reasonable inference that would support
it.  See City of Keller v. Wilson, 168 S.W.3d 802, 821 (Tex. 2005).  We
must credit favorable evidence if a reasonable factfinder could and disregard
contrary evidence unless a reasonable factfinder could not.  Id. at
827.  We must determine whether the evidence at trial would enable reasonable
and fair‑minded people to find the facts at issue.  See id.  The
factfinder is the sole judge of the credibility of the witnesses and the weight
of the evidence.  See id. at 819.








When
reviewing a challenge to factual sufficiency of the evidence, we examine the
entire record, considering both the evidence in favor of, and contrary to, the
challenged finding.  See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
After considering and weighing all of the evidence, we set aside the fact
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  See Pool v. Ford Motor Co., 715 S.W.2d
629, 635 (Tex. 1986); Cain, 709 S.W.2d at 176.  

Specifically, CoTemp contends: (a) the evidence is legally
and factually insufficient to support the jury=s finding that
CoTemp owed a duty to Houston West; (b) the evidence is legally and factually
insufficient to support finding CoTemp=s alleged
negligence was the proximate cause of Houston West=s injury; and (c)
there is no evidence Robertson committed an actionable tort against Houston
West and Houston West suffered a physical injury as a result of Robertson=s tortious
conduct.  In contrast, Houston West asserts that upon learning of the side jobs
for which Robertson was paid but never completed, CoTemp had a duty to third
parties such as Houston West not to retain Robertson as an employee, and the
breach of that duty proximately caused Houston West=s injury.  Houston
West also argues that Robertson committed an actionable tort against
Houston West, namely, fraud, and that there is no physical injury requirement
to prevail on a negligent retention claim.  

A.      Duty

Generally, there is no duty to control the conduct of third
persons absent a special relationship between the defendant and the third
person that imposes a duty upon the defendant to control the third person=s conduct.  See
Triplex Commc=ns, Inc. v. Riley, 900 S.W.2d 716,
720 (Tex. 1995); Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 (Tex. 1990) (citing Restatement
(Second) of Torts ' 315 (1965)); Verinakis v. Medical
Profiles, Inc., 987 S.W.2d 90, 97 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  Such special relationships include those between
employer and employee, parent and child, and independent contractor and
contractee where the contractee retains the right to control the contractor=s work.  See
Triplex Commc=ns, Inc., 900 S.W.2d at
720; Greater Houston Transp. Co., 801 S.W.2d at 525; Verinakis,
987 S.W.2d at 97.








Under the tort of negligent hiring, supervision, or
retention, an employer who negligently hires an incompetent or unfit individual
may be directly liable to a third party whose injury was proximately caused by
the employee=s negligent or intentional act.  See Verinakis,
987 S.W.2d at 97.[4] 
Both of the elements of duty and proximate cause required to establish a claim
of negligent retention are premised on foreseeability.  See Mellon Mortgage
Co. v. Holder, 5 S.W.3d 654, 659 (Tex. 1999); Wrenn  v. G.A.T.X.
Logistics, Inc., 73 S.W.3d 489, 496 (Tex. App.CFort Worth 2002,
no pet.].  The basis of responsibility under the doctrine of negligent
retention is the master=s negligence in retaining in his employ an
incompetent servant whom the master knows, or by the exercise of reasonable
care should have known, was incompetent or unfit, thereby creating an
unreasonable risk of harm to others.  See Houser v. Smith, 968 S.W.2d
542, 546 (Tex. App.CAustin 1998, no pet.).  Therefore, to
successfully prosecute its claim of negligent retention against CoTemp, Houston
West was required to show that: (1) CoTemp owed a legal duty to protect Houston
West from Robertson=s actions, and (2) Houston West sustained
damages proximately caused by CoTemp=s breach of its
legal duty.  See Wrenn, 73 S.W.3d at 496.








The record reflects that prior to the events giving rise to
this suit, Robertson had agreed to perform two air-conditioning installation
side jobs for which he was paid but never completed, in violation of company
policy.  Once CoTemp became aware of these side jobs, it reprimanded Robertson
and required him to make restitution to the customers.  Cotemp, however,
continued to employ Robertson in the same service position that involved
contacting potential and existing customers and obtaining sales.  Houston West
contends this evidence demonstrates CoTemp knew Robertson was incompetent or
unfit based on his previous dishonest conduct, yet it nonetheless retained him
thereby creating a foreseeable risk to other customers.  We agree.  We find
this evidence is sufficient to conclude that the conduct and harm were
foreseeable and, therefore, CoTemp owed Houston West a legal duty to protect it
from Robertson=s conduct.

B.      Proximate
Cause

To prevail on a negligent retention claim, a plaintiff also
must demonstrate that the employer=s negligence in
hiring the employee was the proximate cause of the plaintiff=s injuries.  See
Robertson v. Church of God, Int=l., 978 S.W.2d 120,
124 (Tex. 1997); Wrenn, 73 S.W.2d at 496.  Although liability for
negligent retention is not dependent upon a finding that the employee was
acting within the course and scope of his employment when the tortious act
occurred, it is imperative that there be some connection between the plaintiff=s injury and the
fact of employment.  See Robertson, 978 S.W.2d at 125.  The components
of proximate cause are cause-in-fact and foreseeability.  Doe, 907
S.W.2d at 477; Wrenn, 73 S.W.3d at 496.  

1.       Cause-in-Fact








The test for cause-in-fact is whether the negligent act or
omission was a substantial factor in bringing about the injury without which
the harm would not have occurred.  Robertson, 978 S.W.2d at 126; Union
Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995) (noting
cause-in-fact consists of a Abut for@ test and a
substantial factor test).  In determining whether the defendant=s conduct was a
substantial factor in bringing about the plaintiff=s injuries, a
court will consider whether the forces generated by the defendant=s conduct are
still in existence at the time of the injury; if so, the defendant=s conduct was a
substantial factor in causing the plaintiff=s injuries.  See
Henry v. Houston Lighting & Power Co., 934 S.W.2d 748, 752 (Tex. App.CHouston [1st
Dist.] 1996, writ denied) (quoting Allbritton, 898 S.W.2d at 776).  The Abut for@ test is satisfied
by demonstrating that, but for the defendant=s conduct, the
plaintiff=s injuries would not have occurred.  Taylor v.
Carley, 158 S.W.3d 1, 8 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  Cause-in-fact, however, is not shown if the
defendant=s negligence did no more than furnish a condition
which made the injury possible.  Id.; Robertson, 978 S.W.2d at
126.

The evidence shows that, despite learning of Robertson=s previous
dishonest conduct, CoTemp retained Robertson in a capacity which permitted him
to interact with customers and make sales, use the company vehicle, equipment,
and phones, and wear the company uniform.  We find this evidence sufficient to
show but for CoTemp=s retention of Robertson, he would not
have been in a position to deceive Houston West into believing that it was contracting
with CoTemp, and Houston West would not have been harmed.  Furthermore, the
circumstances described above were in existence at the time Robertson  
contracted with Houston West.  Accordingly, we find sufficient evidence that
CoTemp=s retention of
Robertson was a cause-in-fact of Houston West=s injury.

2.       Foreseeability

Houston West also was required to prove that Robertson=s fraud and the
resulting injury to Houston West were a foreseeable consequence of CoTemp=s retention of
Robertson.  See Wrenn, 73 S.W.3d at 496; Houser, 968 S.W.2d at
544.  To be foreseeable, the plaintiff=s injuries must be
of such a general character they might have been reasonably anticipated, but
the defendant need not anticipate the particular accident or injury that
actually occurred.  See Pipgras v. Hart, 832 S.W.2d 360, 364 (Tex. App.CFort Worth 1992,
writ denied).  CoTemp contends that Aunder no
circumstance could CoTemp have reasonably anticipated that its continued
employment of Robertson could have resulted in the bazaar [sic] circumstances
claimed in this case.@  We disagree.








It is undisputed that CoTemp knew Robertson had been paid
to perform two side jobs which he never completed, in violation of company
policy.  The record also reveals that CoTemp required Robertson to make
restitution to these customers and warned Robertson that another occurrence
would result in his termination.  We conclude this evidence is sufficient to
demonstrate that CoTemp reasonably could have anticipated that Robertson might
again engage in similar improper conduct.  CoTemp argues Robertson=s conduct toward
Houston West was dissimilar and, consequently, unforeseeable because Robertson=s prior misconduct
involved contracting for side jobs in his own name, rather than as a CoTemp
employee.  We find this argument unpersuasive.  The foreseeability factor does
not require CoTemp to anticipate the exact circumstances under which Houston
West sustained injury; rather, the inquiry is whether CoTemp reasonably could
have anticipated the potential harm to third parties from its retention of
Robertson.  See id.  We conclude there is sufficient evidence that CoTemp
reasonably could have anticipated such harm.

C.      Actionable
Tort and Physical Injury

In two sub-issues, CoTemp contends it cannot be held liable
for negligent retention because there is no evidence: (1) Robertson committed
an actionable tort against Houston West, or (2) Houston West suffered a
physical injury as a result of Robertson=s tortious
conduct.

1.       Actionable
Tort








CoTemp asserts that Robertson committed no underlying
actionable tort against Houston West and, thus, Houston West cannot recover on
its negligent retention claim.  See Brown v. Swett & Crawford of Texas,
Inc., 178 S.W.3d 373, 384 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (noting that to prevail on negligent hiring or
supervision claim, plaintiff must prove employer was negligent and employee
committed actionable tort against plaintiff); Gonzales v. Willis, 995
S.W.2d 729, 739 (Tex. App.CSan Antonio 1999, no pet.) (concluding
employer cannot be held liable for negligent hiring, retention,
training, or supervision where employee did not commit actionable tort against
plaintiff).  In its brief, CoTemp contends AHouston West
attempts to import a jury finding of fraud, upon which the trial court denied
it relief,@ in order to show that CoTemp committed an actionable
tort upon which to base its negligent retention claim.  We find CoTemp=s argument to be
without merit for several reasons.  

First, absent a proper objection, this court must review
sufficiency of the evidence against the questions and instructions provided by
the trial court.  Osterberg v. Peca, 12 S.W.3d at 55.  Second, CoTemp
provides no record citation to support its assertion that the trial court
denied relief to Houston West on its fraud claim, nor are we aware of any such
evidence.[5] 
Third, our review of the record reveals that the jury did, in fact, find
Robertson had committed fraud.  Finally, Question No. 11 of the jury charge,
which addresses Houston West=s negligent retention claim, begins by
instructing the jury that if its answer to Question No. 5 is AYes@ as to Bob
Robertson, it should answer Question 11; otherwise, it should not answer
Question No. 11.  In response to Question No. 5, which asks whether the defendants
committed fraud against Houston West, the jury answered in the affirmative as
to both Robertson and CoTemp.  Having found Robertson had committed fraud, i.e.
an actionable tort, the jury then answered Question No. 11 and found that
CoTemp had negligently retained Robertson.  This sub-issue is therefore
overruled.

2.       Physical
Harm








CoTemp also asserts that Houston West suffered no physical
injury as a result of Robertson=s tortious conduct and, therefore, cannot
recover on its negligent retention claim.  However, we need not address this
argument because there is no indication in the record that counsel for CoTemp
objected to the absence of an instruction in the jury charge regarding a
physical injury requirement.  See Tex.
R. Civ. P. 274 (AA party objecting to a charge must point
out distinctly the objectionable matter and the grounds of the objection.  Any
complaint as to a question, definition, or instruction, on account of any
defect, omission, or fault in pleading, is waived unless specifically included
in the objections.@).  Thus, CoTemp has waived this sub-issue
for our review.  See Tex. R. App.
P. 33.1.  Accordingly, CoTemp=s first, second,
and third issues are overruled.

III. Attorney Ad Litem Fees

In its fourth issue, CoTemp contends the trial court erred
in assessing attorney ad litem fees against CoTemp for the unknown heirs of
Robertson.  In order to avoid waiver of an issue on appeal, a party must
discuss in its brief the facts and the authorities upon which it relies to
maintain the issue.  See Tex. R
App. P. 38.1; McPherson Enters., Inc. v. Producers Coop. Mktg. Ass'n,
Inc., 827 S.W.2d 94, 96 (Tex. App.CAustin 1992, writ
denied).  Bare assertions of error, without argument or authority, waive error. 
Blanks v. Liberty Mut. Fire Ins. Co., 196 S.W.3d 451, 452 (Tex. App.CDallas 2006, pet.
denied).  Because CoTemp has not provided any argument or authority to support
its argument, its complaint is waived.  See id.  CoTemp=s fourth issue is
overruled.

Accordingly, the trial court=s judgment is
affirmed.                                 

 

 

 

/s/      Charles W. Seymore

Justice

 

 

Judgment rendered
and Plurality and Concurring Opinions filed February 13, 2007.

Panel consists of
Justices Edelman, Frost, and Seymore.  (Edelman, J. Concurs, in result only,
without opinion;  Frost, J. Concurring Opinion.)









[1]  Robertson, in his capacity as a CoTemp employee, had previously
performed an air conditioning installation job at Ruth=s home. 





[2]  Although the record is silent as to the cause of
action upon which Houston West elected to recover, counsel indicated, during
oral argument, that Houston West had elected to recover damages on its negligent
retention claim.  CoTemp did not object to the form of jury instructions and
Question No. 11; accordingly, our disposition is necessarily based on legal and
factual sufficiency of the evidence to support the jury=s answer to the question as propounded.  See
Osterberg v. Peca, 12 S.W. 3d 31, 55 (Tex. 2000).  However, in order to
fully explain this court=s reasoning, the Plurality=s discussion incorporates all elements of a cause of
action for negligent retention.





[3]  Robertson committed suicide before trial.  Upon
Houston West=s motion, the trial court appointed an attorney ad
litem to represent the interests of Robertson=s unknown heirs.





[4]  We note that the tort of negligent hiring,
supervision, or retention is distinct from the doctrine of respondeat superior
under which an employer may be held vicariously liable when the negligence of
its employee, acting in the scope of his employment, is the proximate cause of
another=s injury.  See DeWitt v. Harris County, 904
S.W.2d 650, 654 (Tex. 1995).  By contrast, a claim of negligent retention is
based on an employer=s direct negligence rather than the employer=s vicarious liability for the torts of its employees. 
Verinakis, 987 S.W.2d at 97; Doe v. Boys Clubs of Greater Dallas,
Inc., 868 S.W.2d 942, 950 (Tex. App.CAmarillo
1994), aff=d, 907
S.W.2d 472 (Tex. 1995). 





[5]  As previously noted, the parties= counsel stated during oral argument that Houston West
had elected to recover on its negligent retention claim rather than on its
breach of contract or fraud claims.