Robert KNIGHT, Appellant,

v.

CITY STREETS, L.L.C., Appellee.

No. 14–04–00302–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 2005.

Daniel Kistler, Houston, for appellants.

Marjorie Jane Lea, Michael S. Hays, Ruth Ellen Piller, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

**OPINION**

KEM THOMPSON FROST, Justice.

In this case a nightclub patron, the plaintiff below, challenges the trial court's granting of a no-evidence motion for summary judgment in favor of the defendant nightclub on his claims for an alleged assault upon him by three of the nightclub's employees and for the nightclub's alleged negligent supervision, training, and hiring of its employees. We affirm the trial court's judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

After a night out at City Streets, L.L.C. ("City Streets"), a Houston nightclub, appellant/plaintiff Robert Knight returned to his car in the parking lot of City Streets and found it had been burglarized. At around 3:30 a.m., Knight went back to the

nightclub, which was then closed, to get help from Andrew Sanchez, an off-duty Houston police officer Knight had seen working at the nightclub earlier in the evening. Knight banged on the door and yelled at Sanchez in an effort to get his attention. Sanchez and two other employees, Manuel Saenz and Chris Aquino, emerged from the nightclub. These three men allegedly assaulted Knight, and Sanchez arrested Knight for public intoxication and use of profane language. Knight allegedly sustained multiple injuries as a result of the incident.

Knight filed suit against City Streets, alleging that City Streets (1) was negligent in its supervision, hiring, and training of its employees, and (2) was liable for the assault on Knight by its employees under the theory of respondeat superior. City Streets filed a no-evidence motion for summary judgment, asserting the following grounds:

(1) There was no evidence as to each of the essential elements of Knight's claims for negligent hiring, supervision, and training; and

(2) There was no evidence that City Streets was liable for the assault on Knight under the theory of respondeat superior because

(a) there was no evidence that Sanchez was a City Streets employee at the time of the assault; and

(b) there was no evidence that Sanchez, Saenz, and Aquino were acting within the course and scope of their employment when they assaulted Knight.

City Streets also argued that Sanchez was not a City Streets employee at the time of the incident because there was no evidence to show that Sanchez (1) was anything more than an independent contractor, and (2) was not performing a public duty as an on-duty police officer because, as a matter of law, an off-duty police officer becomes an on-duty officer the moment he observes a crime. The trial court granted City Streets's no-evidence motion for summary judgment without specifying the grounds.

## II. STANDARD OF REVIEW

In reviewing a no-evidence motion for summary judgment, we ascertain whether the non-movant produced any evidence of probative force to raise a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Dolcefino v. Randolph*, 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). We take as true all evidence favorable to the non-movant, and we make all reasonable inferences therefrom in the non-movant's favor. *Id.* A no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary-judgment evidence that raises a genuine issue of material fact. *Id.* at 917. Because the trial court did not specify the grounds for its ruling, we will affirm if any of the grounds advanced in the motion has merit. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001).

## III. ISSUES AND ANALYSIS

### A. Respondeat Superior

*Did the nightclub patron present sufficient summary-judgment evidence to raise a genuine fact issue as to each challenged element of his respondeat-superior claim?*

In its no-evidence motion for summary judgment, City Streets asserted that it was not liable for the assault on Knight under the theory of respondeat superior because there was no evidence that Sanchez, Saenz, or Aquino was acting within the course and scope of their employment when they assaulted Knight. To

hold an employer liable for the actions of its employee, a claimant must prove (1) an agency relationship existed between the employee (the tortfeasor) and the employer (the defendant); (2) the employee committed a tort; and (3) the tort was in the course and scope of the employee's authority. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex.1998). A tort is within the course and scope of the employee's authority if his action (1) was within the employee's general authority; (2) was in furtherance of the employer's business; and (3) was for the accomplishment of the object for which the employee was hired. *Ginther v. Domino's Pizza, Inc.*, 93 S.W.3d 300, 303 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

 Generally, committing an assault is not within the course and scope of an employee's authority. *Tex. & Pac. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236, 239 (1952). An assault by an employee will be found to be within the scope of his employment when the assault is of the same general nature as the conduct authorized by the employer or is incidental to the conduct authorized. *See Smith v. M. Sys. Food Stores, Inc.*, 156 Tex. 484, 297 S.W.2d 112, 114 (1957). Therefore, if the employer places his employee in a position that involves the use of force, so that the act of using force is in the furtherance of the employer's business, the employer can be found liable for its employee's actions even if the employee uses greater force than is necessary. *Hagenloh*, 247 S.W.2d at 239.

In response to City Streets's no-evidence motion for summary judgment, Knight offered the following evidence: (1) a Houston Police Department offense report from the night of the alleged assault; (2) excerpts from Knight's deposition in which he described what happened that night; and (3) medical records related to the injuries Knight sustained as a result of the incident. The offense report describes Saenz as a City Streets employee and Sanchez as an off-duty police officer working a second job at City Streets. In his deposition, Knight stated that he was assaulted by three men he had seen on previous visits to City Streets. Knight also stated that he knew that the three men who assaulted him were City Streets employees because they were wearing black jeans and City Streets shirts. This evidence may raise a genuine issue of material fact as to whether Sanchez, Saenz, and Aquino were City Streets employees, but it does not create a fact issue as to whether the three men were acting within the scope of their employment when they allegedly assaulted Knight.

Knight presented no evidence that the use of force was within Sanchez, Saenz, and Aquino's scope of employment. In his deposition, Knight referred to each of the three men as a bouncer, a position that could involve the use of force. However, Knight did not provide any facts to support his belief that these men, in fact, were employed as bouncers. Conclusory statements, unsupported by facts that reasonably would support the inference, do not constitute probative summary-judgment evidence. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 749–50 (Tex.2003). At one point in his deposition, Knight stated that he was not sure that all the men involved in the assault were bouncers. More importantly, however, Knight presented no evidence indicating the scope of the three men's authority or that the use of force was within their general authority as City Streets employees. *See generally G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 885–86 (Tex.App.-Dallas 2003, no pet.) (affirming trial court's judgment holding employer liable for a bouncer's assault on a patron when evidence that bouncers were

authorized to use force was offered at trial); *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 494–95 (Tex.App.-Fort Worth 2002, no pet.) (upholding trial court's grant of employer's traditional motion for summary judgment when movant conclusively established that employee who assaulted another employee was not authorized by employer to utilize physical force); *Country Roads, Inc. v. Witt*, 737 S.W.2d 362, 364–65 (Tex.App.-Houston [14th Dist.] 1987, no writ) (finding evidence legally and factually sufficient to support jury's finding that doorman at a bar acted within the scope of his employment when he assaulted a patron because evidence was presented that doorman was permitted to use force).

Knight failed to produce any summary-judgment evidence to raise a genuine issue of material fact as to whether Sanchez, Saenz, and Aquino were acting within the course and scope of their employment when they allegedly assaulted Knight. Therefore, we conclude the trial court did not err in granting summary judgment against Knight on his respondeat-superior claim. Accordingly, we overrule Knight's first issue.

## B. Negligent Supervision

***Did the nightclub patron present sufficient summary-judgment evidence to raise a genuine issue of material fact as to each challenged element of his negligent-supervision claim?***

In its no-evidence motion for summary judgment, City Streets asserted that there was no evidence as to each of the essential elements of Knight's claims for negligent supervision, hiring, and training. On appeal, Knight concedes that there is no evidence proving that City Streets breached its legal duty to hire and train its employees. To prevail on his remaining claim of negligent supervision,

Knight had to prove (1) City Streets owed him a legal duty to supervise its employees; (2) City Streets breached that duty; and (3) that breach proximately caused his injuries. *See Morris v. JTM Materials*, 78 S.W.3d 28, 49 (Tex.App.-Fort Worth 2002, no pet.). The components of proximate cause are cause-in-fact and foreseeability. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). To establish that City Streets's actions were the proximate cause of his injuries, Knight must show that City Streets's actions in supervising Sanchez, Saenz, and Aquino were the cause-in-fact of his injuries and that Knight's assault and resulting injuries were a foreseeable consequence of City Streets's supervision of these three individuals. *See Wrenn*, 73 S.W.3d at 496.

City Streets argues that a claim for negligent supervision cannot exist in the absence of a claim of negligent hiring. *See Castillo v. Gared, Inc.*, 1 S.W.3d 781, 785 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (noting that a claim for negligent supervision is often linked with a claim for negligent hiring and refusing to recognize a separate cause of action for negligent supervision). We need not address this issue because, even if a claim for negligent supervision could exist absent a claim for negligent hiring, Knight failed to produce any evidence that City Streets breached its legal duty to supervise its employees.

On appeal, Knight asserts there is a genuine issue of fact as to his negligent supervision claim because the summary-judgment evidence allegedly shows that Chris Chelley, a City Streets manager, was present during the incident and failed to stop Sanchez, Saenz, and Aquino from assaulting Knight. Knight argues that Chelley, armed with managerial authority, had a duty to stop the assault. Knight also argues that Knight's injuries were foreseeable to Chelley because Chelley

was allegedly present while Knight was being assaulted. Chelley's failure to intervene, Knight argues, was a substantial factor in bringing about Knight's injuries.

The summary-judgment proof offered by Knight, however, fails to raise a genuine issue of material fact as to whether Chelley breached his alleged legal duty to supervise Sanchez, Saenz, and Aquino. There is no evidence that Chelley was actually present during the assault or that he had prior knowledge that these three men had a propensity for aggression. There is also no evidence that Chelley observed the assault or that he could have intervened to stop it. In the Houston Police Department offense report attached to Knight's summary judgment response, Chelley is described as a City Streets manager. The report also states that Chelley was offended by Knight's language, could identify Knight, and would testify in court, if needed. It does not, however, state that Chelley witnessed any alleged assault. In his deposition, Knight stated that there were four others present when the assault started and seven others present when the assault was over. He did not identify any of the individuals as Chelley and did not mention Chelley at any point in his deposition. In Knight's deposition, he asserted that Aquino stated that Saenz was an "aggressive bully." Even viewing this evidence in Knight's favor, we conclude it establishes nothing more than that Saenz may have been aggressive. It does not establish that Chelley or City Streets knew of Saenz's alleged propensity for aggression.

Because Knight did not produce any summary-judgment evidence to raise a genuine issue of material fact that City Streets or Chelley breached a legal duty to Knight, the trial court properly granted summary judgment on Knight's negligent-supervision claim. We overrule Knight's second issue.

Having overruled both of Knight's issues on appeal, we affirm the trial court's judgment.