Affirmed; Memorandum Opinion issued August
3, 2010, Withdrawn and Substitute Memorandum Opinion filed November 4, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00055-CV



Kristofer
Thomas Kastner, Appellant 

v.

Gutter
Management Inc., Guttermaxx, L.P., Frank Fulco, Jack Heath, Russell Lund, and
Jim McClaughlin, Appellees 



On Appeal from
the 127th District Court

Harris County, Texas

Trial Court
Cause No. 2007-26559



 

SUBSTITUTE MEMORANDUM OPINION[1]

The appellant brought suit against his former
employer and related entities as well as several other employees seeking to
recover damages arising from an alleged assault and allegedly false statements
made to the Texas Board of Law Examiners regarding the appellant’s application
for a law license.  The trial court granted the no-evidence summary judgment
motions filed by the appellees.  On appeal, the appellant asserts that he
raised more than a scintilla of evidence to rebut the no-evidence motions and that
the trial court erred in granting the motion without a hearing and in denying
his motion for a continuance.  We affirm.

I.         Factual and
Procedural Background

Appellant Kristofer Thomas Kastner, the plaintiff in
the trial court, brought suit against his former employer, appellee/defendant
Guttermaxx, L.P., and its affiliate, appellee/defendant Gutter Management,
Inc.  Kastner also brought suit against appellee/defendant Frank Fulco, the
owner of Guttermaxx and president of Gutter Management, and appellees/defendants
Jack Heath, Russell Lund, and Jim McClaughlin,[2]
individually, all of whom are employees of Guttermaxx.  According to the live
petition dated April 8, 2008, Kastner was employed by Guttermaxx until his
employment ended in January 2006, following a dispute in which Heath allegedly
“grabbed” Kastner by the arm during the dispute.  Kastner alleged in his live
petition that this conduct constituted assault, which proximately caused damage
to Kastner’s reputation, employment, and his application for state licensure to
practice law.  Kastner asserted that because his employment was terminated, he
lost his apartment and became homeless.  Kastner claimed that Heath was acting
as an agent and that Fulco, Guttermaxx, and Gutter Management were liable for
Heath’s conduct.  From this conduct, Kastner claimed to have suffered
reputational damage, damage to his law licensure, damage to his employment
prospects, loss of income, personal and emotional damage, loss of consortium,
and future damages. 

Kastner claimed in his petition to have filed assault
charges against Heath for the January 2006 incident.  According to Kastner, at
a court hearing on those charges, Heath committed slander against him by
falsely testifying under oath that he did not grab him.  Kastner also alleged
that both Lund and McClaughlin committed slander against him at the hearing on
the assault charges by falsely testifying under oath that they denied seeing
Heath grab him.  Kastner claimed that, under principles of respondeat superior,
Fulco, Guttermaxx, and Gutter Management were liable for the “slander”
committed by Heath, Lund, and McClaughlin in their testimony at this hearing.  

Kastner also claimed in his petition that, in the
process of applying to the Texas Board of Law Examiners for a license to
practice law, he was required to disclose Guttermaxx, Heath, Lund, and
McClaughlin as his prior employers.  Kastner alleged that Lund and McClaughlin
committed libel by making materially false statements to the Board of Law
Examiners.  According to the petition, these individuals referred to Kastner as
committing the offenses of criminal trespass, assault, and disorderly conduct
and falsely stated that the trial judge in the hearing for the assault charges
implied that Kastner was incompetent in filing charges against Heath.  Kastner
also alleged that Fulco, Guttermaxx, and Gutter Management, through Lund and
McClaughlin as agents, committed libel regarding these statements.  Kastner
claimed that all of the appellees committed libel by making false statements to
the Board of Law Examiners, indicating that he was terminated for gross
insubordination and that he “possessed symptoms of bi-polar disorder and or
psychosis based on their personal knowledge and experience.”  Kastner claimed
that the statements negatively affected his licensure with the Board of Law
Examiners and proximately caused reputational damages, damage to his law
license, damage to his employment prospects, loss of income, personal and
emotional damage, loss of consortium, and future damages.

Kastner also claimed that Fulco, Guttermaxx and
Gutter Management owed a duty to supervise and “maintain employees [t]hat do
not commit crimes, intentional torts, and libel employees and former employees”
and breached that duty by negligently supervising Heath, Lund, and
McClaughlin.  As evidence of this breach, in his pleading, Kastner referred to
the alleged false statements made by Heath, Lund, and McClaughlin at the
hearing on the assault charges, unspecified statements made to other unnamed potential
employers, and the statements made by Heath, Lund, and McClaughlin to the Board
of Law Examiners.  Kastner claimed the following damages proximately caused by
the breach: loss of income, reputational damage, personal and emotional damage,
damage to his law licensure and future earning capacity, possible loss of
consortium, and exposure to future damage by disclosure of the statements. 

            The appellees
each filed no-evidence motions for summary judgment as to Kastner’s claims. 
Kastner filed a single response to the no-evidence motions.  Although the
record reflects that Kastner moved for a hearing on the motions and
subsequently moved for a continuance on the no-evidence motions, the trial
court granted the appellees’ no-evidence motions without an oral hearing.  The
trial court awarded a take-nothing final judgment against Kastner and in favor
of the defendants.  Kastner now challenges that final judgment.

II.        Issues and Analysis

A.        Did the trial court err in granting the no-evidence
motions for summary judgment?

            In his first two
issues, Kastner asserts that the trial court erred in granting the appellees’
no-evidence motions for summary judgment.  In reviewing a no-evidence summary
judgment, we ascertain whether the non-movant pointed out summary-judgment
evidence raising a genuine issue of fact as to the essential elements attacked
in the no-evidence motion.  Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 206B08
(Tex. 2002).  In our de novo review of a trial court’s summary judgment, we
consider all the evidence in the light most favorable to the non-movant,
crediting evidence favorable to the non-movant if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence
raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as
in this case, the orders granting summary judgment do not specify the grounds
upon which the trial court relied, we must affirm the summary judgment if any
of the independent summary-judgment grounds is meritorious.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  

1.         Did Kastner present sufficient summary-judgment
evidence to raise a genuine fact issue for his claims that the parties made
allegedly false statements to the Board of Law Examiners?

The appellees claimed in their no-evidence motions
for summary judgment that there was no evidence that the statements allegedly
made to the Board of Law Examiners were false.  The essence of these
statements, which Kastner characterizes as “libelous per se,” include the
following:

·       
Kastner committed criminal trespass, assault by threat, and
disorderly conduct,

·       
The trial judge presiding over the hearing on criminal assault
charges implied that Kastner was incompetent for filing a charge against Heath,


·       
Kastner “possessed symptoms of bi-polar disorder and or psychosis
based on their personal knowledge and experience,” and

·       
Kastner was terminated from his employment for gross
insubordination.

A plaintiff who is a private figure may prevail upon
showing that the defendants negligently made a false statement that was
defamatory.  See Dolcefino v. Randolph, 19 S.W.3d 906, 917 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).  Written or printed words are
libelous per se if the words are so obviously hurtful to the person aggrieved
by them that they require no proof of their injurious character to make the
words actionable.  Knox v. Taylor, 992 S.W.2d 40, 50 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).  A plaintiff who asserts libel per se is not
required to plead or prove special damages and injury, but the plaintiff’s
burden of proving the elements of its claim — including the falsity of the
statement — is not shifted.  See Swate v. Schiffers, 975 S.W.2d 70, 74
(Tex. App.—San Antonio 1998, pet. denied).  

The appellees attached evidence demonstrating that in
2000, the Board of Law Examiners made a preliminary determination that Kastner
lacked the good moral character required for admission to practice law and
suffered from chemical dependency.  In making this determination, the Board of
Law Examiners provided curative measures for Kastner to follow and indicated
that he could request a redetermination and that a hearing would be held to
determine whether those curative measures had been met.  The appellees submitted
evidence from the Board of Law Examiners reflecting that in 2005, Kastner had
applied for reconsideration with the Board of Law Examiners and that Kastner
had failed to comply with the initial curative measures for the purpose of
reconsideration.  The evidence reflects that the Board of Law Examiners
permitted Kastner to submit evidence in support of additional curative measures
at a hearing.  The appellees produced a letter from the Board of Law Examiners,
dated January 29, 2007, reflecting that written statements from Heath, which
also were signed by Lund and McClaughlin, would not be used in evidence against
Kastner.  The appellees also produced evidence in the form of discovery
responses from the Board of Law Examiners indicating that the investigation of
Kastner’s application for admission was still ongoing.  

Kastner’s summary-judgment proof in response to the
no-evidence motions consisted of over fifty exhibits spanning over four hundred
pages.  In response to the no-evidence motions, Kastner referred generally to a
ninety-one-page document entitled “Legal Opinion of Kristofer Thomas Kastner”
(hereinafter “Legal Opinion”).  Kastner did not cite any specific facts or
refer to specific portions of the Legal Opinion for support in his response.  Blanket citation to voluminous records is not a proper response to a no-evidence motion for
summary judgment.  See Eaton
Metal Prods., LLC v. U.S. Denro Steels, Inc., No. 14-09-00757-CV, 2010 WL
3795192, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet. h.)
(mem. op.).  Kastner also cited several exhibits that he claimed were
admitted into evidence at a hearing before the Board of Law Examiners and
pertained to his licensure, including an affidavit and letter prepared by
Kastner relating to his criminal assault charges against Heath, Heath’s
responses to Kastner’s requests for discovery, and statements from two people
regarding the alleged assault.  He claims this evidence is proof that the Board
of Law Examiners used the statements of Guttermaxx employees against him.  

Kastner also referred to a letter from the Board of
Law Examiners, dated August 7, 2008, which he claims states that his employment
history may be evidence of a negative moral character trait, for which he
claims he has “lost wages as a lawyer and reputation” as a result of the
appellees’ statements to the Board of Law Examiners.  However, this letter
states that a hearing on Kastner’s licensure had been delayed because of
multiple lawsuits initiated by Kastner against the Board of Law Examiners,
Guttermaxx, and Kastner’s former attorneys who represented him at an initial
hearing before the Board of Law Examiners.  This same letter from the Board of
Law Examiners reflects that Kastner had yet to have complied with the Board’s
requests for an “Authorization and Release Form,” apparently required by the
Board of Law Examiners for review.  

Finally, in his response, Kastner referred to a
letter dated October 24, 2008, pertaining to a notice of hearing as evidence
that the Board’s investigation was complete and that the hearing had been
held.  But Kastner does not cite where this letter is located in over 400 pages
of summary-judgment evidence attached to his response.  See id. (stating
that general references to voluminous records are not
proper responses to a no-evidence motion for summary judgment and do not raise
a fact issue precluding summary judgment).  Although in his response to
the no-evidence motions Kastner makes reference to an “Exhibit 7,” which he
claims is a diagnosis from Rahn Kennedy Bailey, M.D. that rebuts the
defendants’ statements regarding Kastner’s mental and emotional condition, the
evidence attached to Kastner’s response and marked as “Exhibit 7” pertains to a
trial court order relating to the Board of Law Examiners’ motion for a
protective order. Notably, none of the evidence to which Kastner refers in his
response addresses the falsity of the statements. Consequently, the
summary-judgment evidence does not raise a genuine fact issue as to whether the
allegedly libelous statements were false.  Accordingly, the trial court did not
err in granting summary judgment as to Kastner’s claims for libel and libel per
se.  See Swate, 975 S.W.2d at 74.  

2.         Did
Kastner present sufficient summary-judgment evidence to raise a genuine fact
issue as to each element of his claims for negligent supervision?

Kastner asserted claims against Fulco, Guttermaxx,
and Gutter Management for negligent supervision of Heath, Lund, and
McClaughlin, referring to the alleged assault by Heath, the allegedly false
statements to the Board of Law Examiners, and the allegedly false testimony at
the criminal hearing on the assault charges.  To prevail on his claims for
negligent supervision, Kastner must prove that (1) Fulco, Guttermaxx, and
Gutter Management owed him a legal duty to supervise employees, (2) that Fulco,
Guttermaxx, and Gutter Management breached that duty, and (3) that the breach
proximately caused his injuries.  See Knight v. City Streets, L.L.C.,
167 S.W.3d 580, 584 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  To
establish that conduct by Fulco, Guttermaxx, and Gutter Management was the
proximate cause of his injuries, Kastner also must show that the parties’
actions in supervising Heath, Lund, and McClaughlin were the cause-in-fact of
his injuries and that the assault, the testimony, and statements to the Board
of Law Examiners were foreseeable consequences of Fulco’s, Guttermaxx’s, and
Gutter Management’s supervision of the individuals.  See id.; Wrenn
v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002,
no pet.).

In no-evidence motions for summary judgment, Fulco
and Gutter Management denied employing Kastner.  Fulco claimed to be a limited
partner of Guttermaxx; Gutter Management claimed to be a general partner of Guttermaxx. 
In its no-evidence motion for summary judgment, Guttermaxx asserted that it did
not authorize either the statements to the Board of Law Examiners or the
alleged assault nor was the assault within the scope of Heath’s employment. 
For proof of employment, Kastner referred generally to the following evidence
in his response without citing where this evidence could be found within the
summary-judgment proof he produced:  his Legal Opinion; “statements of
Guttermaxx dated 8/26/06/ 08/29/06, and 09/02/06 which show the plaintiff was
employed by Guttermaxx,” which Kastner did not identify as exhibits attached as
summary-judgment evidence; and cancelled checks from Guttermaxx, which Kastner
indicated he was awaiting in response to discovery.  

The proof offered by Kastner failed to raise a
genuine issue of material fact regarding the allegations of negligent
supervision.  See Knight, 167 S.W.3d at 585.  None of the evidence
demonstrates that Kastner was employed by Fulco or Gutter Management.  To the
contrary, the evidence to which Kastner referred appears to demonstrate that he
was employed only by Guttermaxx.  Furthermore, even if Kastner’s evidence
demonstrated he was employed by both Gutter Management and Fulco, Kastner
presented no evidence that Fulco, Gutter Management, or Guttermaxx knew of, or
authorized, the alleged assault, the statements to the Board of Law Examiners,
or the testimony at the hearing on assault charges or any evidence that the
parties could have intervened.  See id.  Kastner has presented no proof
that any negligent supervision of Heath, Lund, or McClaughlin was the
cause-in-fact of Kastner’s alleged injuries or that any of the alleged damages
were a foreseeable consequence of negligent supervision of the employees.  See
id.  Because Kastner did not produce any summary-judgment evidence to raise
a genuine issue of material fact regarding negligent supervision of Heath,
Lund, and McClaughlin, the trial court properly granted summary judgment on
Kastner’s negligent supervision claim.  See id. 

3.         Did
Kastner present sufficient summary-judgment evidence to raise a genuine fact
issue as to each element of his claims based on respondeat superior?

Fulco, Guttermaxx, and Gutter Management in each of
their no-evidence motions for summary judgment asserted that they were not
liable to Kastner under a theory of respondeat superior for the alleged assault
and the allegedly false statements made to the Board of Law Examiners.  To hold
an employer liable for tortious actions of its employees, a claimant must prove
the following:  (1) an agency relationship existed between the employee (the
tortfeaser) and the employer; (2) the employee committed a tort; and (3) the
tort was in the course and scope of the employee’s authority.  See Baptist
Mem’l Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998).  A tort is
within the course and scope of an employee’s authority if his action (1) was
within the employee’s general authority; (2) was in furtherance of the
employer’s business; and (3) was for the accomplishment of the object for which
the employee was hired.  Knight 167 S.W.3d at 583.

In their no-evidence motions, Fulco and Gutter
Management generally denied employing Kastner and denied liability for the
alleged assault under principles of respondeat superior.  Similarly, Guttermaxx
denies liability for the alleged assault under the theory of respondeat
superior, claiming that it did not authorize any assault.  Generally,
commission of an assault is not within the course and scope of an employee’s
authority.  Tex. & Pac. Ry. Co. v. Hagenloh, 151 Tex. 191, 197, 247
S.W.2d 236, 239 (1952); Knight, 167 S.W.3d at 583.  But, an assault by
an employee will be found to be within the scope of his employment when the
assault is of the same general nature as the conduct authorized by the employer
or is incidental to the conduct authorized.  See Smith v. M. Sys. Food
Stores, Inc., 156 Tex. 484, 297 S.W.2d 112, 114 (1957); Knight, 167
S.W.3d at 583.  Therefore, if an employer places an employee in a position that
involves the use of force, so that the act of using force is in the furtherance
of the employer’s business, the employer can be found liable for its employee’s
actions even if the employee uses greater force than necessary.  Hagenloh,
151 Tex. at 197, 247 S.W.3d at 239; Knight, 167 S.W.3d at 583.

In response to the no-evidence motions for summary
judgment, Kastner referred generally to his Legal Opinion for support that the
assault occurred in the scope of Heath’s work as a national call center
employee for Guttermaxx and in furtherance of Guttermaxx’s objectives for which
Heath was hired.  But, the Legal Opinion contains a description of the dispute
between Heath (a national call center manager) and Kastner, (an employee) as
arising from a disagreement over client “leads.”  Kastner presented no evidence
that the use of force was within Heath’s scope of employment as manager of a
national call center for Guttermaxx.  See Knight, 167 S.W.3d at 584; Wrenn,
73 S.W.3d at 494–95.  Considering the evidence in the light most favorable to Kastner,
as the non-movant, none of the evidence he presented creates a fact issue as to
whether the assault was in any way authorized by Guttermaxx, Fulco, or Gutter
Management.  See Knight, 167 S.W.3d at 584; Wrenn, 73 S.W.3d at
494.  

Likewise, in the no-evidence motions, Fulco,
Guttermaxx, and Gutter Management each denied authorizing any statements made
to the Board of Law Examiners.  Kastner alleged that portions of the statements
to the Board of Law Examiners were made on Guttermaxx stationery and that Lund,
Heath, and McClaughlin listed the titles of their positions in the statements
made to the Board of Law Examiners.  However, considering these facts in the
light most favorable to the non-movant as demonstrating authority to make the
statements to the Board of Law Examiners, Kastner presented no evidence that
Fulco or Gutter Management employed Lund, Heath, and McClaughlin or that the statements
were made in the course and scope of employment as being made either in
furtherance of Gutter Management or Fulco’s businesses.  See Knight, 167
S.W.3d at 583 (providing that a tort is within an employer’s course and scope
of authority if tort was committed within the employee’s general authority, in
furtherance of the employer’s business, and to accomplish an ends for which the
employee was hired).  Furthermore, as previously discussed, Kastner has not
demonstrated that he could prevail in a case based on the allegedly libelous
statements made to the Board of Law Examiners because he did not raise a fact
issue regarding the falsity of these statements.  See Swate, 975 S.W.2d
at 74.  

Kastner failed to produce any summary-judgment
evidence to raise a genuine issue of material fact as to whether Heath acted
within the course and scope of his employment when he allegedly assaulted
Kastner.  See Knight, 167 S.W.3d at 584.  Similarly, Kastner failed to
produce any summary-judgment evidence that Fulco and Gutter Management
authorized any statements made by its employees.  See id.  Even if
Kastner had demonstrated that the statements made to the Board of Law Examiners
were authorized by Guttermaxx, as we have determined, the summary-judgment
evidence does not raise a genuine fact issue as to whether the allegedly
libelous statements were false.  Therefore, we conclude that the trial court
did not err in granting summary judgment against Kastner on the claims against
Fulco, Guttermaxx, and Gutter Management under principles of respondeat
superior.  

4.         Did
Kastner present sufficient summary-judgment evidence to raise a genuine fact
issue for his claims that the parties offered allegedly false testimony in a
prior criminal hearing?

All of the appellees asserted in their no-evidence
motions for summary judgment that they were not liable to Kastner for any
allegedly false testimony at the criminal hearing on the assault charges on the
basis that those who testified at the criminal hearing received “immunity.” 
The summary-judgment record reflects that the statements Kastner characterizes
as slander per quod were made in the course of prior criminal proceedings
relating to the assault charge against Heath.  All proceedings in courts of this
state receive absolute privilege and cannot serve in any way as grounds for an
action involving defamation.  Ross v. Arkwright Mut. Ins. Co., 892
S.W.2d 119, 132 (Tex. App.—Houston [14th Dist.] 1994, no writ).  Nothing in the
summary-judgment record suggests that any of the statements characterized by
Kastner as slander were made outside the context of the criminal court
proceedings.  See id.  Accordingly, the trial court did not err in
granting summary judgment against Kastner on these claims.  See id.

5.         Did
Kastner present sufficient summary-judgment evidence to raise a genuine fact
issue as to each element of his claim for the assault?

Heath, Lund, and McClaughlin asserted in their
no-evidence motion for summary judgment that there is no proximate cause for
the assault damages alleged by Kastner.  To prevail on a claim for civil
assault, the plaintiff must establish the same elements required for criminal
assault.  Johnson v. Davis, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).  Under Texas Penal Code section 22.01(a)(3), an
assault occurs when a person intentionally or knowingly causes physical contact
with another when the person knows or reasonably should believe that the other
will regard the contact as offensive or provocative.  Tex. Penal Code Ann. § 22.01(a)(3) (Vernon Supp. 2009).

Kastner responded to the no-evidence motions with the
following statements:

The plaintiff has
offered a legal opinion in this cause.  The legal opinion provided more than a
scintilla of evidence to show the plaintiff has been damaged by the grab of Mr.
Heath ad [sic] had his reputation employment and law license damaged.

Kastner’s response to the no-evidence motions
included no legal argument as to the elements for the alleged assault.  See
Johnson, 73 S.W.3d at 207 (providing that the “minimum requirements of Rule
166a(i)” included argument and evidence addressing the particular issue raised
in the motion for summary judgment).  On appeal, Kastner makes general
reference to numerous pages within his Legal Opinion as raising both legal
argument and facts. Kastner is not entitled to rely on these general references
to avoid summary judgment. See Eaton Metal Prods.,
LLC, 2010 WL 3795192, at *6
(stating that general references to voluminous
records are not proper responses to a no-evidence motion for summary judgment
and do not raise a fact issue precluding summary judgment).  

Even if Kastner had produced sufficient reasons as to
why summary judgment would have been improper, he still was required to support
the reasons with evidence.  San Saba Energy, L.P. v. Crawford, 171
S.W.3d 323, 329 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (“If a
non-movant’s response fails to set forth valid reasons why summary judgment
should not be granted and if the motion and summary judgment evidence show that
there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law on the grounds asserted in the motion, then the
trial court should simply grant summary judgment.”).  To the extent Kastner
asserted in the motion that he provided more than a scintilla of evidence,
broad conclusory statements without factual support are neither credible nor
constitute valid summary-judgment evidence.  Doherty v. Old Place, Inc.,
—S.W.3d —, No. 14-08-00494-CV, 2010 WL 2852850, at *3 (Tex. App.—Houston [14th
Dist.] July 22, 2010, no pet. h.) (op. on reh’g).  Aside from the general
reference to his Legal Opinion, Kastner did not specifically refer to any other
evidence in response to the no-evidence motions for support of this claim. 
Although Kastner urges this court to consider the Legal Opinion, legal opinions
and conclusions made within an affidavit attached as summary-judgment evidence
are not considered competent summary-judgment evidence and are insufficient to
raise an issue of fact in response to a motion for summary judgment.  See
Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984); Green v.
Unauthorized Practice of Law Comm., 883 S.W.2d 293, 297 (Tex. App.—Dallas
1994, no writ). 

Furthermore, Kastner’s non-specific references to his
Legal Opinion within the voluminous summary-judgment record are insufficient
because they do not direct the trial court and the parties to the evidence on
which he relies.  See Eaton Metal Prods., LLC v.
U.S. Denro Steels, Inc., No.
14-09-00757-CV, 2010 WL 3795192, at *6; see also Guthrie v. Suiter,
934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding
trial court did not abuse its discretion in refusing to consider 500-page
deposition attached to summary-judgment motion when party did not direct trial
court to portions on which party was relying).  A trial court does not abuse
its discretion when it does not consider summary-judgment proof to which a
party does not specifically direct the trial court’s attention.  See Guthrie,
934 S.W.2d at 826. Kastner has not presented any evidence demonstrating
that the damages alleged were proximately caused by Heath’s alleged assault. 
On this basis, the trial court did not err in granting summary judgment against
Kastner on his claim for assault.  See id.

6.         Do
Kastner’s remaining arguments under his first two issues have merit? 

Kastner challenges the no-evidence summary-judgment
motions on the basis that the motions are unsigned. But the record reflects
that the motions are signed.  Thus, this argument lacks merit.  

Kastner also asserts that in granting the no-evidence
motions, the trial court granted more relief than requested.  He claims that
the no-evidence motions do not address the statements allegedly made by
McClaughlin and Lund.  The record reflects that the alleged false testimony of
McClaughlin and Lund was addressed in each of the motions.  

To the degree Kastner challenges the trial court’s
granting of summary judgment as being in violation of the Texas and United
States Constitutions in his reply brief, Kastner has provided no argument,
analysis, citations to the record, or legal authority.  By failing to brief
this argument, Kastner has waived it.  See Tex. R. App. P. 38.1(h); San Saba Energy, L.P., 171
S.W.3d at 338 (holding that even interpreting briefing requirements liberally
and reasonably, a party asserting error on appeal must still put forth some
specific argument and analysis citing the record and authorities in support of
the party’s argument).  

By reply brief, Kastner also contends that because
the record does not contain the trial court’s order on summary judgment for
Gutter Management Inc., final judgment in this case was “impossible,” void,
invalid, unconstitutional, and in violation of the Texas and United States
Constitutions.  The record contains a final judgment stating the following:

On December 12, 2008, separate
orders granting motions for summary judgment by all parties and causes of
action were signed.  This Final Judgment is signed.  

It is therefore ordered, adjudged and decreed
that Kristofer Thomas Kasterner
[sic] take nothing as to Guttermaxx,
L.P. and its general partner Gutter
management Inc., Frank Fulco,
Jack Heath, Russel Lund, and Jim McClaughlin.  All costs are taxed
to Plaintiff.

To the extent Kastner’s
complaint could be construed as a challenge to the finality of the trial
court’s judgment, it is unmistakably clear from the face of the judgment that
the trial court granted summary-judgment motions as to all parties and causes of
action, thereby disposing of all claims.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 205 (Tex. 2001).  Therefore, the judgment is a final judgment
from which a party may appeal.  See id.  We overrule Kastner’s first and
second issues.

B.        Did the trial court err in granting the no-evidence
motions for summary judgment without a hearing and in failing to grant a
continuance on the hearing for summary judgment?

            In his third
issue, Kastner contends that the trial court erred in granting the no-evidence
motions without a hearing.  In his fourth issue, Kastner claims the trial court
erred in failing to grant a continuance for a summary-judgment hearing.

            A no-evidence
motion for summary judgment may be filed and heard after “adequate time for
discovery.”  See Tex. R. Civ. P.
166a(i).  A party opposing such a motion, claiming inadequate time for
discovery as in this case, must file either an affidavit explaining the need
for further discovery or a verified motion for continuance.  See Tex. R. Civ. P. 166a(g); Rogers v.
Continental Airlines, Inc., 41 S.W.3d 196, 200–01 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  A trial court may rule on summary-judgment motions
without holding a hearing.  Bowles v. Cook, 894 S.W.2d 65, 67 n.1 (Tex.
App.—Houston [14th Dist.] 1995, no writ) (involving a trial court that properly
granted summary judgment without a hearing).  The trial court can decide a
motion for summary judgment on submission without an appearance by the
attorneys before the court.  Martin v. Martin, Martin & Richards, Inc.,
989 S.W.2d 357, 359 (Tex. 1998).  On this basis, Kastner’s third issue is
overruled.

            A party who
opposes summary judgment may file a motion to continue the summary-judgment
hearing in order to conduct additional discovery.  Tex. R. Civ. P. 166a(g).  The grant or denial of a motion for
continuance is within the sound discretion of the trial court.  Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986).  A motion for continuance shall
not be granted except for sufficient cause supported by affidavit or by consent
of the parties or by operation of law.  Tex.
R. Civ. P. 251.  

            According to
Kastner’s motion, he sought a continuance to obtain additional discovery,
including a deposition of a Board of Law Examiners employee and an order from
the Board of Law Examiners as to his pending law license on the basis that his
moral character was currently unknown, all of which Kastner alleged was
dispositive of the no-evidence motions.  However, the record does not reflect
that the trial court granted or denied this motion.  A party moving for
continuance of a summary-judgment hearing  or submission must obtain a written
ruling on its motion in order to preserve the complaint for appellate review.  See
Tex. R. App. P. 33.1(a); Mitchell
v. Bank of Am., N.A., 156 S.W.3d 622, 625–26 (Tex. App.—Dallas 2004, pet.
denied); Direkly v. ARA Devcon, Inc., 866 S.W.2d 652, 656 (Tex.
App.—Houston [1st Dist.] 1993, writ dism’d w.o.j.).  Kastner does not point to
any place in the record, and our independent review of the record does not
reflect, that Kastner secured a ruling from the trial court on this motion.  See
Sw. Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490, 492–93
(Tex. App.—Fort Worth 1999, pet. denied).  Although in his reply brief, Kastner
refers to the trial court’s docket sheet, reflecting the entry “M/Continuance
denied,” a notation in a docket sheet is not a final order or judgment.  See
In re Bill Heard Chevrolet, Ltd., 209 S.W.3d 311, 315 (Tex. App.—Houston
[1st Dist.] 2006, orig. proceeding) (“A docket-sheet entry cannot contradict or
take the place of a written order or judgment.”).  Accordingly, Kastner has
failed to preserve this complaint for appellate review.

            Notwithstanding
the failure to preserve error, to the degree Kastner asserts that by denying
his motion for continuance and in granting the no-evidence motions, the trial
court has violated provisions in the Texas and United States Constitutions,
Kastner has not provided legal authority, citations to the record, or analysis
in support of these arguments nor has he shown that he raised these complaints
in the trial court.  See Tex. R.
App. P. 38.1(h); San Saba Energy, L.P, 171 S.W.3d at 338. 
Therefore, these arguments are waived.  Kastner’s fourth issue is overruled.

The trial court’s
judgment is affirmed.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of
Justices Frost, Boyce, and Sullivan.

 

 









[1] The court’s
memorandum opinion issued August 3, 2010, is withdrawn, and this substitute
memorandum opinion is issued in its place.





[2] Throughout
the record, this individual has been referred to as “Jim McLaughlin” or “Jim
McClaughlin.”  We refer to this individual as “Jim McClaughlin,” as reflected
in the notice of appeal and the trial court’s final judgment.