**Opinion issued January 28, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00406-CV

_____

**OMORINSOLA OGUNBANJO, Appellant**

**v.**

**DON MCGILL OF WEST HOUSTON, LTD., Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-00308**

## MEMORANDUM OPINION

Omorinsola Ogunbanjo appeals the trial court's rendition of summary judgment in favor of Don McGill of West Houston, Ltd. Ogunbanjo sued Don McGill, alleging causes of action for negligence and gross negligence. Don

McGill moved for summary judgment on all of Ogunbanjo's claims. The trial court granted Don McGill's motion, rendering a take-nothing judgment against Ogunbanjo. In a single issue, Ogunbanjo contends that the trial court erred in granting summary judgment. We affirm.

## Background

According to Ogunbanjo's deposition testimony, she took her car to be serviced at a Don McGill dealership in October 2011. After dropping off her car, she was told to wait in the waiting room for the driver of the shuttle service to take her home. While she was waiting, a Don McGill salesman, John Thompson, offered to give her a ride home. They left the dealership in Thompson's personal vehicle. While driving to Ogunbanjo's house, Thompson tried several times to remove Ogunbanjo's hat and to lift up her skirt. She repeatedly hit his hand and told him to stop. When they arrived at her house, Thompson tried to touch her buttocks as she was getting out of the car. The next day, Ogunbanjo returned to the dealership with her uncle and brother to report the incident to the manager. The manager immediately fired Thompson.

Ogunbanjo sued Don McGill, contending that Don McGill was negligent in failing to provide a safe shuttle service, to follow proper management and supervision policies, to provide adequate supervision of its employees, and to warn

2

her of the dangers of its negligence. She also alleged that these failures were conscious or intentional and therefore constituted gross negligence.

After the case had been pending for a year, Don McGill moved for summary judgment, arguing that there was no evidence to support Ogunbanjo's claims for gross negligence and mental anguish, and that Ogunbanjo's negligence claim failed on traditional and no-evidence grounds. The trial court granted the motion.

## Discussion

Ogunbanjo contends that the trial court erred in granting Don McGill's summary judgment motion. She argues that, because there is a fact issue regarding whether Don McGill was negligent, summary judgment on her claims for negligence, gross negligence, and mental anguish damages was also improper.

### A. Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When a party has filed both a traditional and no-evidence summary judgment motion, we typically first review the propriety of the summary judgment

3

under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we need not reach arguments under the traditional motion for summary judgment. *Ford Motor Co.*, 135 S.W.3d at 600.

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or

4

conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## B. Negligence

In its motion for summary judgment, Don McGill asserted that Ogunbanjo's negligence claims could not survive summary judgment because she could adduce no evidence to raise a fact issue regarding whether Don McGill could be held liable under the theory of negligent hiring, and because the evidence showed that Don McGill was not liable under the theory of respondeat superior. With respect to Ogunbanjo's negligent hiring claim, Don McGill argued that there was no evidence that Thompson's conduct was a foreseeable consequence of his hiring. Don McGill argued that it was not liable under the theory of respondeat superior because Thompson's actions were not within the course and scope of his employment.

### 1. Negligent hiring

The elements of negligence are the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). A claim of negligent hiring is based on an employer's direct negligence. *CoTemp, Inc. v. Houston West Corp.*, 222 S.W.3d 487, 492 n.4 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To prevail on a

5

claim of negligent hiring, the plaintiff must show that the employer (1) owed a legal duty to protect the plaintiff from an employee's actions and (2) the plaintiff sustained damages proximately caused by the employer's breach of that legal duty. *See Thomas v. CNC Invs., L.L.P.*, 234 S.W.3d 111, 123 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The components of proximate cause are cause in fact and foreseeability, and these elements may not be established by mere conjecture, guess, or speculation. *See id.* at 124. The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred. *Id.* Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible. *Id.* A negligent hiring claim "requires that the plaintiff suffer some damages from the foreseeable misconduct of an employee hired pursuant to the defendant's negligent practices." *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012).

Don McGill asserted in its motion for summary judgment that there was no evidence that its actions in hiring Thompson were the cause in fact of Ogunbanjo's alleged injuries, and that Thompson's alleged behavior was not a foreseeable consequence of Don McGill's hiring of Thompson. Accordingly, the burden shifted to Ogunbanjo to produce more than a scintilla of evidence that Don

6

McGill's hiring of Thompson was the cause in fact of her alleged injuries and that Thompson's alleged assault was a foreseeable consequence of Don McGill's hiring of Thompson. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Thomas*, 234 S.W.3d at 124.

With respect to her negligent hiring claim, we conclude that Ogunbanjo's summary judgment evidence failed to raise a fact issue regarding foreseeability. In her response, Ogunbanjo presented evidence that Thompson had been previously terminated and then rehired by Don McGill. She asserted that this created a fact issue regarding whether Thompson's alleged assault was foreseeable. However, Obgunbanjo did not present any evidence showing the basis for Thompson's first termination, let alone that the first termination was due to similar misconduct. She relied on the deposition testimony of Mike Hartman, the dealership sales manager, in which he stated that he was aware that Thompson had been terminated previously by Don McGill. But Hartman testified that he did not know the reason for the previous termination because he had not been in his position at the time.

Ogunbanjo also offered as summary judgment evidence an employee timecard report for Thompson for the period from October 1, 2011 to October 8, 2011, which showed that he had been tardy and clocked out too early or too late on several days. But this evidence does not raise a fact issue regarding whether

Thompson ever engaged in sexual misconduct prior to the alleged assault or whether Don McGill should have foreseen such misconduct. *See Thomas*, 234 S.W.3d at 124. Accordingly, we conclude that Ogunbanjo did not present more than a scintilla of evidence that Thompson's alleged assault was a foreseeable consequence of his hiring, and that summary judgment for Don McGill on the theory of negligent hiring was proper. *See Houser v. Smith*, 968 S.W.2d 542, 545 (Tex. App.—Austin 1998, no pet.) (affirming judgment on negligent hiring claim based upon employee's sexual assault of customer, where evidence showed employee had previously committed misconduct, but not sexual misconduct, and therefore the complained-of assault was not foreseeable to employer); *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 811–12 (Tex. App.—Austin 1997, no writ.) (affirming summary judgment on negligent hiring claim where truck driver committed sexual assault while on trip for employer because employer could not be expected to foresee assault, even though driver had prior criminal record of sexual misconduct).

## 2. Respondeat superior

Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious act of an employee who was acting within the scope of his employment, even though the employer has not personally committed a wrong. *St.*

*Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541–42 (Tex. 2002). To hold an employer liable for the tortious actions of its employee, a claimant must prove the following: (1) an agency relationship existed between the employee (the tortfeasor) and the employer; (2) the employee committed a tort; and (3) the tort was in the course and scope of the employee's authority. *See Zarzana v. Ashley*, 218 S.W.3d 152, 159 (Tex. App.—Houston [14th Dist.] 2007, pet. struck). To show an employee acted within the course and scope of his employment, the plaintiff must demonstrate the conduct occurred (1) within the general authority given the employee, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *See id.*; *Mata v. Andrews Transp., Inc.*, 900 S.W.2d 363, 366 (Tex. App.—Houston [14th Dist.] 1995, no writ). Generally, committing an assault is not within the course and scope of an employee's authority, unless the employer places the employee in a position that involves the use of force. *See Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Tex. & Pac. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236, 239 (1952)). However, an employee's intentional, tortious conduct falls within the scope of employment when the conduct, even if contrary to express orders, is of the same general nature as that authorized or incidental to the conduct authorized. *See Zarzana*, 218 S.W.3d at

9

159; *Durand v. Moore*, 879 S.W.2d 196, 199 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Don McGill argued that the evidence conclusively showed that Thompson's actions were outside the course and scope of his employment. The summary-judgment evidence demonstrates that Thompson was employed by Don McGill as a car salesman. Ogunbanjo contends that Thompson's offer to give her a ride to her home was within the course and scope of his employment. Even if that were true, committing an assault on a service center customer was not. Because Thompson's alleged assault was not in furtherance of Don McGill's business or for the accomplishment of the object for which he was employed, it was not within the course and scope of Thompson's employment as a matter of law. *See Zarzana*, 218 S.W.3d at 159. Accordingly, summary judgment for Don McGill on the theory of respondeat superior was proper. *See Buck v. Blum*, 130 S.W.3d 285, 289 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (affirming summary judgment for hospital on sexual assault claim where doctor allegedly made inappropriate sexual contact with patient during neurological examination, because sexual contact was not closely connected to employment tasks and did not further object of employment as required for respondeat superior liability); *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 454 (Tex. App.—Tyler 1996, no writ) (alleged sexual

assaults were not within scope of employment because they were not within general authority of employees and therefore could not support respondeat superior liability).

We conclude that the trial court properly granted summary judgment on Ogunbanjo's negligence claim.

## C. Gross Negligence

Other than in worker's compensation cases, a finding of ordinary negligence is a prerequisite to a finding of gross negligence. *See Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 394–95 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Here, we conclude that the trial court properly granted summary judgment on Ogunbanjo's gross negligence claim because summary judgment was proper on her predicate negligence claim. *See Sonic Sys. Int'l*, 278 S.W.3d at 394–95 (where party was entitled to summary judgment on negligence claim, party was also entitled to summary judgment on gross negligence claim); *Seaway Prods. Pipeline Co. v. Hanley*, 153 S.W.3d 643, 659 (Tex. App.—Fort Worth 2004, no pet.) (because appellant failed to show some evidence of negligence, appellant was not entitled to recover for gross negligence).

**D. Mental Anguish**

Mental anguish is a type of damage and is not an independent cause of action. *Hall v. Stephenson*, 919 S.W.2d 454, 460 n.2 (Tex. App.—Fort Worth 1996, writ denied). "A claimant may recover mental anguish damages only in connection with defendant's breach of some other legal duty." *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex.1993); *see also Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 95 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish).

Here, Ogunbanjo's claim for mental anguish damages depends upon her predicate claims of negligence and gross negligence. Because we have held that summary judgment was proper on Ogunbanjo's negligence and gross negligence claims, summary judgment on her claim for mental anguish damages was also appropriate. *See Boyles*, 855 S.W.2d at 594 ("A claimant may recover mental anguish damages only in connection with defendant's breach of some other legal duty."); *Hall*, 919 S.W.2d at 460 n.2 (mental anguish is a type of damages and is not an independent cause of action).

We overrule Ogunbanjo's sole issue.

**Conclusion**

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.