**AFFIRMED and Opinion Filed January 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00470-CV

### JOHN DOE I, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE II, A MINOR, Appellants
### V.
### RIPLEY ENTERTAINMENT, INC., AND JIM PATTISON U.S.A., INC., Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-07174**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Bridges

Appellants John Doe I, individually and as next friend of John Doe II, a minor, filed suit against appellees William C. Anderson, LeVonna C. Anderson, Alexander A. Anderson (the Anderson defendants), Ripley Entertainment, Inc. (Ripley), and Jim Pattison U.S.A., Inc. (Pattison) for various causes of action arising out of a sexual assault perpetrated by a school employee against John Doe II while on a school-sponsored field trip to Ripley's Believe it or Not!® (RBION).

Appellants asserted seven causes of action against Ripley and Pattison. Ripley and Pattison filed seven no-evidence motions for summary judgment, which the trial court granted. Appellants proceeded to trial against the Anderson defendants, and a jury awarded a multi-million dollar

verdict in their favor. The parties eventually settled for an undisclosed amount, and appellants now appeal five of the seven no-evidence summary judgments.[1] We affirm.

## Background

Doe II was an eleven-year-old boy with autism, who attended a private school owned by William and LeVonna Anderson. The Anderson's son, Alex, served as teacher and director of technology.

In October 2014, the school planned a field trip to RBION. Doe I volunteered to drive and chaperone students on the field trip. Several other parents and school faculty, including Alex, also volunteered to chaperone.

On October 31, 2014, Doe I drove a van of students, including Doe II, to RBION. Upon pulling into the parking lot entrance, he noticed a sign posted that stated, "For the security of our guests, these premises are being electronically monitored 24 hours a day." Based on the sign, Doe I believed RBION had monitored surveillance cameras throughout the premises to protect visitors. Instead, he later learned video cameras were placed in revenue areas to prevent employee theft and to monitor employee performance. Cameras were not everywhere throughout the exhibit halls.

Despite the number of chaperones in attendance, Doe I and Doe II got separated for a period of less than seven minutes.[2] During this short time, Alex "lured" Doe II into the "House of Wax" exhibit. According to Doe I, surveillance cameras captured Alex "walk up, peek around the corner, peek around this way to see what was going on, where I was, and then he let [Doe II] go through and follows him in." In that short time, Alex sexually assaulted Doe II.

---

[1] Appellants have not challenged the no-evidence summary judgments granted in favor of appellees regarding their premises liability and Restatement (Second) of Torts § 344 claims.

[2] Karim Vellani, president of Threat Analysis Group, LLC and board certified in security management, testified by affidavit that video surveillance showed Anderson and Doe II entering the exhibit at 11:35:01 and exiting at 11:41:44 (totaling six minutes and forty-three seconds).

Appellants filed suit against the Anderson defendants, Ripley, and Pattison for numerous causes of action. The trial court granted summary judgment in favor of Ripley and Pattison on appellants' premises liability, negligent misrepresentation/Restatement (Second) of Torts § 311, negligent undertaking/Restatement (Second) § 323, Restatement (Second) of Torts § 344, DTPA, breach of warranty, and gross negligence claims. The case proceeded to trial against the Anderson defendants, and a jury awarded appellants a multi-million dollar verdict. Appellants now appeal five of the seven summary judgments.

**Discussion**

In a single issue, appellants argue the trial court erred by granting no-evidence summary judgments on their causes of action against Ripley and Pattison for (1) DTPA violations, (2) breach of warranty, (3) negligent misrepresentation/Restatement (Second) of Torts § 311, (4) negligent undertaking/Restatement (Second) of Torts § 323, and (5) gross negligence. Appellees contend, in part, that appellants failed to provide evidence of causation on any of their claims; therefore, summary judgment was appropriate.

We review the trial court's grant of a no-evidence summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). We review a no-evidence summary judgment using the well-established legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of

the vital fact. *See De La Cruz v. Kailer*, 526 S.W.3d 588, 592 (Tex. App.—Dallas 2017, pet. denied).

Central to each of appellants' claims against Ripley and Pattison is causation. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (producing or proximate cause is one element in negligent misrepresentation and breach of warranty claims); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 968 (Tex. App.—Dallas 2013, no pet.) (DTPA plaintiff must prove, in part, defendant's action constituted producing cause of consumer's damages); *Doe v. Messina*, 349 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (proximate cause of injury is required element of negligent undertaking claim); *Nowzaradan v. Ryans*, 347 S.W.3d 734, 741 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (causation element same for negligence and gross negligence). Appellants contend that had Ripley and Pattison provided live surveillance video monitoring, as indicated by the posted sign in the parking lot, the assault against Doe II would not have occurred. Appellees argue there is no evidence they proximately caused the tragic occurrence.

Proximate cause has two elements: cause in fact and foreseeability. *See Urena*, 162 S.W.3d at 551. These elements cannot be established by mere conjecture, guess, or speculation. *Id*. The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Id*.

To raise a fact issue on causation, appellants relied on portions of Doe I's deposition and affidavit testimony as well as the affidavit of Morris R. McGowan, Jr. We first consider Doe I's affidavit, which states, in relevant part, "I certainly believe that the representations RBION made about security and electronic monitoring were true, and were part of the goods and services I paid for that day. . . . I believe if RBION had kept its promise about the electronic monitoring and guest security, my son would not have been sexually abused that day." Appellees objected to these

statements as conclusory, speculative, self-serving, not capable of being readily controverted, and not based on personal knowledge.

An interested witness's affidavit that recites the affiant "believes" certain facts to be true will not support summary judgment. *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Tex. Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) ("I believe that I was a good employee and that no other legitimate reason for my termination existed" was no more than conclusory, subjective beliefs and not competent summary judgment evidence); *Cha v. Branch Banking & Trust Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at 4 (Tex. App.—Dallas Aug. 25, 2015, pet. denied) (mem. op.) (affiant's belief regarding property's fair market value was not competent summary judgment evidence). Such is the case because self-serving statements in affidavits of interested witnesses concerning their state of mind are incontrovertible. *See, e.g., Lection v. Dyll*, 65 S.W.3d 696, 707 (Tex. App.—Dallas 2001, pet. denied) (affiant's belief of certain facts not proper summary judgment evidence because state of mind not readily controverted). "The mental workings of an individual's mind are matters about which adversaries have no knowledge or ready means of confirming or controverting." *Lukasik v. San Antonio Blue Haven Pools*, 21 S.W.3d 394, 399 (Tex. App.—San Antonio 2000, no pet.); *see also Folse v. Vista Ridge Joint Venture*, No. 05-99-00878-CV, 2001 WL 894044, at *3 (Tex. App.—Dallas Aug. 9, 2001, no pet.) (not designated for publication). Thus, conclusions of the affiant, unsupported by fact, have no probative value and do not raise a fact issue. *Gomez v. Armstrong*, No. 13-03-658-CV, 2004 WL 1932630, at *5 (Tex. App.—Corpus Christi Aug. 31, 2004, no pet.) (mem. op.) (citing *Draper v. Garcia*, 793 S.W.2d 296, 300 (Tex. App.—Houston [14th Dist.] 1990, no writ)). Because the statements in Doe I's affidavit are self-serving and based on his belief, they are not easily controvertible. As such, his beliefs provide no probative value to our analysis, and therefore, cannot raise a fact issue on causation.

We reach the same conclusion regarding Doe I's deposition testimony. Appellants cite to one page of Doe I's deposition in which he testified he believed he was being watched and "there were video cameras everywhere." Appellants failed to link these statements to the incident in question with any underlying factual support. Further, conclusory statements in depositions based on belief do not constitute probative summary judgment evidence. *See Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

We now consider McGowan's affidavit. Ripley and Pattison objected to paragraphs 11 and 12 as conclusory and speculative. In relevant part, paragraph 11 states, "Ripley's actions at both the facility and corporate levels were the proximate cause for creating circumstances where a criminal act such as sexual assault may occur at Ripley's Grand Prairie location." Paragraph 12 states the following in its entirety:

> Additionally, Ripley's represented to each of its guests that "no unlawful acts would be permitted on [Ripley's] property" and that the premises were "being electronically monitored for the security of [Ripley's] guests." By making these representations, Ripley's took it upon itself to act as a reasonably prudent corporation would in similar circumstances. Moreover, a reasonable guest at Ripley's such as John Doe I would rely upon Ripley's representations regarding monitoring its premises for guest safety (which it effectively did not do) when evaluating whether Ripley's was a safe place to take a child. As set forth above, *Ripley's in no meaningful way satisfied the security-related representations made to its guests and such failures to do so were the producing cause for creating the circumstances where a criminal act such as sexual assault may occur at Ripley's Grand Prairie location.* [Emphasis added.]

McGowan's opinions that appellees' actions or lack thereof created the circumstances where a sexual assault "may occur" are conclusory. McGowan did not explain how appellees' acts or omissions were a *substantial* factor in causing the sexual assault. *See, e.g, Urena*, 162 S.W.3d at 551 (upholding summary judgment when no evidence supported proximate cause because nothing in record established increased security would have prevented sexual assault by tenant living at apartment complex). Notably missing from McGowan's affidavit is any reference

–6–

to Alex, who accompanied Doe II on the field trip and preyed on him due to his neuro-differences. McGowan made no attempt to explain how live video surveillance, or any other security measures, could have prevented the assault, particularly under these facts. As such, he failed to provide underlying factual information that could have been rebutted to support his conclusion. *See, e.g., La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (affidavit statements not conclusory if "they furnish some factual information that could have been rebutted and, therefore, contain enough underlying facts to support a summary judgment award"). Accordingly, McGowan's affidavit is no evidence raising a fact issue on causation.

Because appellants' failed to present evidence raising a fact issue on causation to overcome appellees' no-evidence motions for summary judgment, we overrule their sole issue and affirm the trial court's judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180470F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN DOE I, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE II, A MINOR, Appellants

No. 05-18-00470-CV          V.

RIPLEY ENTERTAINMENT, INC., AND JIM PATTISON U.S.A., INC., Appellees

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-07174.
Opinion delivered by Justice Bridges.
Justices Molberg and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RIPLEY ENTERTAINMENT, INC., AND JIM PATTISON U.S.A., INC. recover their costs of this appeal from appellants JOHN DOE I, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE II, A MINOR.

Judgment entered January 6, 2020.